HOLLAND TRUST CO. v. INTERNATIONAL BRIDGE & TRAMWAY CO.

McLANE et al. v. HOLLAND TRUST CO.

(Circuit Court of Appeals, Fifth Circuit.   March 1, 1898.)

No. 657.

JURISDICTION—FORECLOSURE OF MORTGAGE—RECEIVER.

> Under a decree of foreclosure of a mortgage, where an order of sale has been made and the sale advertised, the court acquires jurisdiction and possession, to the exclusion of any other court; and the appointment of a receiver for said property by another court does not divest jurisdiction and stop the sale.

Appeal from the Circuit Court of the United States for the Western District of Texas.

Oscar Bergstrom and S. C. Newton, for appellants.

Geo. M. Van Hoesen, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and SWAYNE, District Judge.

PARDEE, Circuit Judge.   The Holland Trust Company, as trustee under a mortgage deed of trust, brought suit on the 16th day of September, 1895, in the United States circuit court for the Western district of Texas, for the foreclosure of the mortgage which was made to it by the International Bridge & Tramway Company.   The defendant bridge company appeared and filed its answer, and then filed an amended answer on February 3, 1896.   The bill of foreclosure prayed for the appointment of a receiver and for an injunction, but no motion for either an injunction or a receiver was made.   On November 10, 1896, the court entered a final decree, adjudging a foreclosure of the mortgaged property, and the sale of the same by a special master, therein appointed.   From this decree the International Bridge & Tramway Company prosecuted an appeal to this court, where, on May 17, 1897, the decree of the lower court was affirmed; the mandate issuing August 2, 1897.   81 Fed. 422.

August 16, 1897, the court entered an order of sale, which directed the special master "to seize and sell the above-described property in accordance with the terms of the decree of this court."   On August 19, 1897, the special master proceeded to execute the order of sale by advertising the time, place, and terms of sale.   The time of sale fixed was November 2, 1897.   On October 30, 1897, Hiram H. McLane filed a petition in the Forty-Fifth district court of Texas, praying for the appointment of a receiver of the International Bridge & Tramway Company as an insolvent corporation, and on November 1, 1897, the day before the sale, George W. Russ was appointed such receiver, and on the same day telegraphed to the agent of the bridge company that he had been appointed receiver, and the agent recognized such appointment, and has since paid over to Russ the income and tolls.   On November 2, 1897, the special master sold the mortgaged property under the decree and order of sale, and reported the same to the court.   On November 10, 1897, Hiram H. McLane and George W. Russ filed an

alleged intervention, in which the aforesaid proceedings in the Forty-Fifth district court of Texas, and the acts of Russ as receiver, were set forth, and therein claimed that because of such proceedings the sale made by the special master was absolutely null and void, and of no force and effect. On the same day the intervention and the report of the sale came on to be heard, and the court, after considering the facts in the case, being of opinion that the circuit court had acquired such jurisdiction over the property of the defendant, the International Bridge & Tramway Company, fully described in the original bill, as well as in the final decree and order of sale, as to entitle the court to hold the exclusive jurisdiction and possession thereof, to the exclusion of any other court, ordered that the intervention of McLane and Russ should be dismissed, and the sale made by the special master confirmed. From that decree McLane and Russ appealed to this court, assigning as error:

"That the court erred in its finding, and in holding a suit to foreclose a mortgage on realty, and the final decree of such foreclosure, and order appointing a special master to make sale thereof to satisfy the judgment rendered, gave the court such possessory jurisdiction of the property described in the bill of foreclosure as to deprive any other court of concurrent jurisdiction from appointing a receiver and directing such receiver to take possession of said property, and in its holding that, notwithstanding the appointment of such receiver by a court of concurrent jurisdiction, and such receiver, under the direction of the court, taking actual possession thereof, that the master in the foreclosure proceedings could make a valid sale of such realty, and that, upon a confirmation of such report, the court in the foreclosure proceeding could direct the marshal to put the purchaser in possession as against such receiver and the defendant."

On full consideration of the authorities cited on both sides in this court, we agree with the learned judge of the circuit court that the circuit court had acquired such jurisdiction over the specific property of the defendant the International Bridge & Tramway Company, as fully described in the original bill, and in the final decree and order of sale, as to entitle the court to hold the exclusive jurisdiction and possession thereof, to the exclusion of any other court. The following cases are in point: Adams v. Trust Co., 15 C. C. A. 1, 66 Fed. 617, decided by this court, and Riesner v. Railway Co., 36 S. W. 53, decided by the supreme court of Texas. And on these authorities, and many others which might be cited, and on the general rule, well recognized in the supreme court of the United States, that as a matter of necessity, and therefore of comity, when the object of the action requires the control and dominion of property involved in litigation, that court which first acquires possession, or that dominion which is equivalent, draws to itself the exclusive right to dispose of it for the purposes of its jurisdiction (Heidritter v. Oil-Cloth Co., 112 U. S. 294, 305, 5 Sup. Ct. 135), the decree of the circuit court should be affirmed.

It would be an anomaly in judicial proceedings if, after a court with full jurisdiction over the parties, and over specific property which is the object of the litigation, has finally determined all rights to that property, subsequent proceedings, prima facie collusive, as in the present case, in a court of another jurisdiction, could annul the decree and disturb the rights thus definitely determined. No such anomaly exists in the jurisdiction of the state and federal courts. The latter,

having once acquired full jurisdiction, and proceeded to a final determination, may rightfully proceed still further to an execution of that decree, irrespective of any subsequent proceedings in the courts of the state.   See Coal Co. v. McCreery, 141 U. S. 475, 477, 12 Sup. Ct. 28.

The authorities cited by the learned counsel for the appellants, so far as they are contrary to the views herein expressed, do not apply to the case in hand.   Affirmed.