Subdivision 4 of section 414 says that the word "action" contained in this chapter is to be construed, when it is necessary so to do, as including a special proceeding or any proceeding therein. In those two sections will be found, I think, sufficient warrant for holding that the present proceeding, which is a special proceeding and has been begun within a year after the death of the executor, has not been barred by the statute of limitations. Owing to the nature of its provisions, and the difficulty of detecting an analogy or similarity between the situations therein provided for and those existing in the present case, section 412' does not seem to me to be here applicable. Section 405 presents, I think, no such embarrassment. Although the present applicants were not the petitioners in the proceeding to which the deceased executor was a party, by their contention therein of the liability of such executor for the loss which it is claimed he had occasioned, their attitude in that proceeding was substantially, if not exactly, the same as that of a plaintiff in an action seeking the same relief. The deceased executor was, at the time of his death, in fact and effect, the only party respondent to the proceedings which the general term authorized against him, and I am satisfied that his death terminated and abated these proceedings. Herbert v. Stevenson, 3 Dem. Sur. 236; In re Charriere's Estate, Sur. Dec. 1897, p. 551. While they were pending, no other proceeding could have been commenced by the present petitioners for the relief obtainable in such proceedings. Within six months after the death of the executor, whose representatives are the respondents herein, this proceeding was begun; and I think that section 405, which permits the bringing of an action in certain cases within one year after it has terminated, has enabled the petitioners to maintain this proceeding. Application granted.

(24 Misc. Rep. 356.)

In re EDSON.

(Surrogate's Court, New York County. July, 1898.)

TRANSFER TAX—LIABILITY.
    A decedent, by will, devised a portion of her estate to a person named therein, but the legacy was impressed with a secret trust in favor of a brother of decedent. *Held*, that the portion devised was not taxable under the transfer tax act.

Appeal from report of appraiser.
Proceeding in the matter of the appraisal of the property of Mary A. Edson, deceased, under the transfer tax act. From the report of the appraiser, certain parties appeal. Appeal sustained.

Evarts, Choate & Beaman, for appellants.
Elliot Danforth and Edgar J. Levy, for respondents.

FITZGERALD, S. Appeal in tax proceeding. The will of this decedent gave to one of the persons named in the will a portion of the estate. The appraiser reported it as taxable, and an order was entered accordingly. In a suit brought for that purpose, it has been

decided by the court of appeals that the beneficial interest in said property passed to a brother of decedent; in other words, that the legacy was impressed with a secret trust in his favor. The comptroller relies upon the decision in the Fayerweather Case (Trustees v. Ritch, 151 N. Y. 282, 45 N. E. 876) to sustain the order appealed from. It is true that the opinion in that case employs language to give color to this claim, but the remarks are clearly obiter. Nothing can be more certain than that the person who gets the property pays the tax. The point decided in the Fayerweather Case was that the entry of an order in a transfer tax proceeding fixing a tax against the legatee individually is no bar to an action to establish that he really took the legacy as trustee.

In re Westurn's Estate, 152 N. Y. 93, 46 N. E. 315, seems to me to be in direct conflict with the claims of the state. In that case, there was a contest over the will of the decedent, pending which the appraisal was had. The court says (Andrews, J., writing the opinion of the court):

"The litigation over the probate of the will of the decedent was finally terminated by the decision of this court, in favor of the contestants. It was not until the final determination of the controversy, by the judgment of this court, that it could be known whether the property of the decedent passed under his will, or as in case of intestacy; and, until this fact was ascertained, it was impracticable to proceed to fix the transfer tax, * * * since the ascertainment of the persons entitled to the property of a decedent must precede the imposition of any tax. This has been the uniform construction given by this court to the transfer tax acts."

See, also, In re Ullmann, 137 N. Y. 403, 33 N. E. 480.

Appeal sustained.

(24 Misc. Rep. 350.)

### In re COUTANT'S ESTATE.

(Surrogate's Court, New York County. July, 1898.)

PROBATE—DISPOSITION OF PROCEEDS OF REAL PROPERTY.

The surplus of the proceeds of decedent's real property sold under foreclosure, where such property was subject to a valid imperative power of sale for the payment of debts and funeral expenses, should not be paid into the surrogate's court pursuant to Code Civ. Proc. § 2798, since section 2759 provides that the surrogate cannot distribute the proceeds where there is a power of sale for payment of debts or funeral expenses.

Application for a distribution of certain surplus moneys arising from the sale of real estate of Emily T. Coutant, deceased, in an action of foreclosure. Denied.

Wendt, Berry & Edson, for petitioners.

Joseph C. Levi, Joseph Oscano, J. J. Britton, and Boese & Carhart, for other next of kin.

ARNOLD, S. This is an application for the distribution of certain surplus moneys, arising from the sale of real estate of which the decedent died seised, in an action brought to foreclose a mortgage thereon, and which moneys have been paid into this court pursuant to a provision to that effect contained in the judgment entered in such action, and which was apparently intended to be a compliance