In the Matter of the Estate of AMELIA G. ULLMANN, Deceased.

Under the provision of the Collateral Inheritance Tax Law (§ 15, chap. 483, Laws of 1885, as amended by chap. 713, Laws of 1887), giving the Surrogate's Court in the county in which a decedent was a resident at the time of his death, jurisdiction to hear and determine all questions in relation to taxation under said act, that court has power to decide every question that may arise in a proceeding under the act which may be necessary to fully discharge the duties imposed by it.

Said court, therefore, may and must decide whether any property of the decedent has passed to another under the will or under the laws of intestacy, and so may determine as to whether dispositions made by a will of the decedent are void, and if so, that the property embraced therein has passed to heirs or next of kin under the Statutes of Descent or Distribution.

In proceedings under said act, these facts appeared :  By the will of the decedent he attempted to create certain trusts for the disposition of his residuary estate which trusts were void, as contravening the statute against perpetuities and were so conceded to be by all the parties having an interest in the estate.  The beneficiaries under the residuary clause abandoned all claim to the real estate embraced therein to the heirs, who sold it, received the consideration therefor, and out of the purchase price made provisions for the payment of the tax in case they were held

liable for its payment. *Held*, that the surrogate had jurisdiction to determine that the residuary estate did not pass to the legatees or devisees, but to the heirs and next of kin; and that a decree assessing the heirs for that portion of the estate which passed to them was valid.

(Argued February 28, 1893 ; decided March 7, 1893.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made January 13, 1893, which reversed an order of the surrogate of the county of New York, assessing certain taxes under the Collateral Inheritance Tax Act upon the estate of Amelia G. Ullmann, deceased.

The facts, so far as material, are stated in the opinion.

*Horace Russell* and *Jabish Holmes, Jr.,* for appellants. The statute gives the surrogate the power to construe a will, whether of real or personal estate, in proceedings to fix the collateral inheritance tax, if it is necessary. (*In re Verplanck,* 91 N. Y. 439 ; *Purdy* v. *Hayt,* 92 id. 446 ; *Riggs* v. *Cragg,* 89 id. 479 ; *Garlock* v. *Vandevort,* 128 id. 378 ; *In re Wagner,* 119 id. 32 ; *In re McPherson,* 104 id. 304 ; *In re Cager,* 111 id. 343 ; *In re Stewart,* 131 id. 274.)

*Edgar J. Levey* and *George H. Barnes* for comptroller, appellant. The surrogate has power to construe a will of real estate when the exercise of that power is necessary to a proper determination of liability to collateral inheritance tax. (Laws of 1887, chap. 713, § 15 ; Code Civ. Pro. § 2481 ; *Garlock* v. *Vandevort,* 128 N. Y. 374, 378 ; *In re Verplanck,* 91 id. 439, 449 ; *Riggs* v. *Cragg,* 89 id. 479 ; *Purdy* v. *Hayt,* 92 id. 466 ; *In re Cager,* 111 id. 343 ; *In re Howe,* 112 id. 103 ; *Mc Vean* v. *Sheldon,* 48 Hun, 163 ; *In re Clark,* 1 Conn. Sur. Rep. 431 ; *In re Wagner,* 119 N. Y. 28 ; Laws of 1887, chap. 713, § 12.)

*de Lagnel Berier* for respondent. This appeal will not lie ; the amount in controversy being less than $500, the title to real property is not involved and the General Term has not

allowed the appeal. (Code Civ. Pro. § 191; *Miller* v. *Clark*, 138 U. S. 225; *Clay* v. *Field*, Id. 479; *Joeny* v. *Conner*, 75 N. Y 156.) The surrogate was without jurisdiction to declare the will invalid. (Code Civ. Pro. § 2624; *In re Smith*, 18 N Y. Supp. 174; *In re Ellis*, 1 Conn. 206, *Beran* v. *Cooper*, 72 N. Y. 317; *In re Hammersey*, 4 Den. 427.) The surrogate has no power to pass upon the validity of a will of real estate. (*In re Shrader*, 17 N. Y. Supp. 273; *In re Fuller*, 5 id. 46; *In re Merriam*, 32 N. E. Rep. 620.)

O'BRIEN, J. The order of the General Term, from which this appeal was taken, reversed a decree of the surrogate of the county of New York, assessing and imposing a tax upon certain heirs at law of Amelia G. Ullmann, who died in the year 1890, leaving a will, which was admitted to probate. This tax was imposed by the surrogate under the authority of chapter 483 of the Laws of 1885, amended by chapter 713 of the Laws of 1887, commonly known as the Collateral Inheritance Tax Law. The deceased, by her will, gave the use and income of all her property to her husband, Daniel Ullmann, for and during his life and made certain other bequests which were conceded to be valid. The bulk of her estate she attempted to dispose of in the residuary clause to her executors, of which her husband was one, upon certain trusts which were invalid as contravening the statute against perpetuities, as the estate was sought to be vested in the Society for the Prevention of Cruelty to Animals after the expiration of four lives in being at the death of the testatrix. Objection was made to the probate of the will by the heirs at law on account of the invalidity of these provisions. The society, which by the terms of the will would ultimately be entitled to the property if the residuary clause was valid, as well as the executors, admitted that the objections were good and that the disposition in trust was void. This concession would leave the specific legacies and a life estate to the husband contained in the will to stand, but the remainder of the property, not having been validly disposed of by the deceased, would pass

under the statute as in cases of intestacy, the personal prop-
erty to the husband, there being no children, and the real
estate to the heirs at law, subject to the husband's life estate.
All parties interested in the estate recognized this situa-
tion and acted accordingly. The society thereupon pur-
chased the real estate from the heirs at law and they
conveyed the same to it by quitclaim deeds for a con-
sideration representing substantially its full value. In the
negotiations which culminated in this settlement it was fore-
seen that the heirs might be liable to pay the tax in ques-
tion, and, therefore, a sufficient sum for that purpose was
retained by the counsel for the society for that purpose if
it was determined that they were liable for its payment.
The will, however, containing some provisions that were
valid was admitted to probate by consent of all parties. The
executors by application to the surrogate initiated this pro-
ceeding for the assessment and adjustment of the tax. The
heirs at law and all parties interested were for this purpose
cited and appeared before the surrogate who had before him
not only the will, which upon its face showed the invalidity of
the provision referred to with respect to the residuary estate,
but, also, all the facts above stated. The result was that the
heirs were assessed for that portion of the estate which passed
to them under the statute, and the surrogate treated the
residuary clause, as the heirs and all parties interested
in the estate had treated it, as void. Three of the heirs,
only, questioned the action of the surrogate and appealed to
the General Term where the order of the surrogate was
reversed, as already stated. The reversal proceeded upon the
ground that the surrogate had no power in such a proceeding
to determine the invalidity of any provision of a will. While
we think that this case does not necessarily turn upon that
question, yet if it did there would be no difficulty in sustaining
the decree of the surrogate. The fifteenth section of the
statute under which the tax was assessed provides that "The
Surrogate's Court in the county of which the decedent was a
resident at the time of his death shall have jurisdiction to

hear and determine all questions in relation to the tax arising
under the provisions of this act." Aside from the ordinary
jurisdiction of the surrogate this is a special grant of power
in broad and comprehensive language, and there can be no
good reason for hampering the power thus conferred by any
construction that would take from him the authority to decide
every question that may arise in the proceeding before him
which may be necessary in order to fully discharge the duties
imposed upon him by the act. Every officer charged with
the duty of executing the taxing power, whether it be a surro-
gate or a town assessor, must necessarily decide, in a judicial
capacity, important questions of law in order to perform the
duties of his office. Ordinarily such decisions do not, like
judgments in actions, conclude the parties as to the same
question in subsequent proceedings instituted for some other
purpose, although in all such proceedings for the assessment
of the tax it ought to and doubtless would until reversed or
set aside. (*In re Wolfe*, 137 N. Y. 205.)

The surrogate must decide whether any property of a
deceased person has passed to another under a will or under
the laws of intestacy before he can perform the duty imposed
upon him. It may sometimes happen that the property of
the deceased passes in both ways. The fact that there is a
will, and that it has been admitted to probate, does not neces-
sarily determine the ownership or the transmission of the
property. When the surrogate looks into the will some of its
dispositions may be so clearly void as to warrant him in hold-
ing that nothing has passed by virtue of them, but that the
property embraced therein has passed to heirs or next of kin
under the statutes of descent or distribution. In the numer-
ous cases that have been passed upon by this court recently,
arising under this statute, we have held that the surrogate was
clothed with power, and that it was his duty to decide ques-
tions arising under wills or under the statutes quite as intri-
cate and important as that arising out of the residuary clause
of the will in this case. (*In re McPherson*, 104 N. Y. 306;
*In re Enston*, 113 id. 174; *In re Sherwell*, 125 id. 379; *In re*

*Romaine*, 127 id. 80; *In re Stewart*, 131 id. 274; *In re Wolfe*, 137 id. 205; *In re Prime*, 136 id. 347; *In re Swift*, 137 id. 77.)

In the settlement of the accounts of executors and the distribution of the personal estate under a will, the surrogate is empowered to determine the validity of testamentary provisions under statutes that are not more explicit or comprehensive than the one now under consideration. (Code, §§ 2472, 2481, 2743; *In re Verplanck*, 91 N. Y. 439; *Purdy* v. *Hayt*, 92 id. 446; *Riggs* v. *Cragg*, 89 id. 479; *Garlock* v. *Vandevort*, 128 id. 378; *In re Wagner*, 119 id. 32; *In re Cager*, 111 id. 343.)

The jurisdiction conferred by the statute upon the surrogate to hear and decide all questions in relation to the tax imposed by its provisions upon persons to whom property has passed from a decedent is, we think, broad enough to warrant the surrogate in holding, in a case like this, that the property which is the subject of the tax has not passed to the legatees or devisees under the will, but to the heirs at law or next of kin. But in this proceeding, it appeared before the surrogate not only that this provision of the will of Mrs. Ullmann was invalid, but that everyone interested in the property so treated it and acted accordingly.

It appeared that the beneficiaries under the residuary clause conceded its invalidity, and abandoned all claim to the property to the heirs. That the latter sold it and received the consideration therefor, and thus that they, as matter of fact, took it under the statute, and that it did not pass under the will, and further, that out of the price received for the property they had made provisions for the payment of the tax in case it was held that they were liable for its payment. In view of all this, it would be an indefensible rule that would compel the surrogate to close his eyes to the facts and to the law arising from the disposition of the will and to still decide that the tax should be assessed upon the legatees or devisees named therein, though he knew that they did not and could not receive any part of it. It was shown that the heirs were

not only entitled to the property, but that they actually received it, and hence that it passed to them as in case of intestacy.

It follows that the order of the General Term must be reversed and the decree of the surrogate affirmed, with costs in all courts to the appellant against the respondents.

All concur.

Order reversed and decree affirmed.