In the Matter of the Appraisal, under the Transfer Tax Act, of the Property of POTTER PALMER, Deceased.

ADRIAN C. HONORÉ, as Executor, et al., Appellants ; THE COMPTROLLER OF THE STATE OF NEW YORK, Respondent.

TAX — STOCK OF DOMESTIC CORPORATION HELD BY NON-RESIDENT DECEDENT — ASSESSMENT OF TRANSFER TAX. Shares of capital stock of a domestic corporation owned by a non-resident decedent represent an interest in property within the jurisdiction of this state for the purpose of taxation upon its transfer, and the assessment thereof is properly computed upon the value of his interest in the whole of the corporate property as evidenced by the number of shares of stock of which he died possessed and not upon that proportion of its value which represents the proportion of the capital and assets of the corporation employed here.

*Matter of Palmer*, 102 App. Div. 616, affirmed.

(Argued November 22, 1905; decided December 5, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June

13, 1905, which affirmed an order of the New York County Surrogate's Court assessing a tax upon the estate of Potter Palmer, deceased.

The facts, so far as material, are stated in the opinion.

*Charles K. Carpenter* for appellants. The corporation itself is not taxable upon the percentage of its capital invested without the state of New York. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Knight*, 173 N. Y. 255.) The non-resident shareholder should be taxed, if at all, only upon that proportion which represents the proportion of the capital of the corporation employed within this state. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Knight*, 173 N. Y. 255; *People ex rel. Edison Co.* v. *Campbell*, 138 N. Y. 543; *Matter of Embury*, 19 App. Div. 218; *Matter of Vanderbilt*, 172 N. Y. 73; *Matter of Euston*, 113 N. Y. 181; *Matter of Bronson*, 150 N. Y. 7.) A transfer tax, based upon a valuation that includes the capital of the New York Central and Hudson River Railroad Company employed without the state would be unconstitutional. (*Ward* v. *Maryland*, 12 Wall. 430; Cooley on Const. Lim. [6th ed.] 434, 596; *St. Louis* v. *Ferry Co.*, 11 Wall. 430; *Stuart* v. *Palmer*, 74 N. Y. 190.)

*Emmet R. Olcott* for respondent. The appraiser correctly appraised the stock at its face value. (1 Cooley on Taxn. [3d ed.] 404; Cooke on Corp. [5th ed.] § 563, note 1; Cooke on Stock & Stockh. [3d ed.] § 563; *Matter of Gould*, 19 App. Div. 359; 156 N. Y. 428; *Matter of Bronson*, 150 N. Y. 1.) Stock in New York corporations owned by non-residents is taxable. (*Matter of Pullman*, 46 App. Div. 57; *Matter of Romaine*, 127 N. Y. 80; *Matter of Whiting*, 150 N. Y. 27; *Matter of Bronson*, 150 N. Y. 1.)

GRAY, J. Potter Palmer, a resident of the state of Illinois, died in 1902 and a portion of his estate consisted in 4,855 shares of the capital stock of the New York Central and Hudson River Railroad Company, a corporation of this state.

This proceeding to appraise the value of that stock, under the Transfer Tax Law of the state, for the imposition of a tax, resulted in the fixing of a tax upon the life estate of his widow, only. Though some other questions were raised below, on both sides, this appeal brings up no other than the question of any liability to be taxed here at all and, if that be affirmed, the further question of the proper valuation of the stock for the purpose. The primary question, as to the liability to taxation under the provisions of our Transfer Tax Law, must be regarded as having been determined by the decision of this court in *Matter of Bronson* (150 N. Y. 1). In that case, we held that, though the shares of capital stock of a domestic corporation were held and owned by a nonresident decedent, they represented an interest in property, which was within the jurisdiction of this state for the purpose of taxation, upon its transfer by operation of any law, or by act of its owner. It is unnecessary to discuss the question, further, in the present case; whose facts bring it precisely within the authority of *Bronson's* case.

The appellant claims, however, if the transfer of the stock is taxable, that the tax should only be " upon that proportion of its value, which represents the proportion of the capital and assets of the company employed within the State of New York." That is to say, because it was made to appear that about 36 per cent. of the corporate capital was invested in properties without the state, it is argued that the appraisement of the value of the capital stock, in this proceeding, should have been proportionately less. The basis for this claim is the proposition that the corporation itself is not taxable by the state upon its investments in railroad properties situated outside of the state, under the provisions of section 182 of the General Tax Law, which impose an annual franchise tax upon the corporation, measured by the amount of the capital stock employed within the state. (*People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Knight,* 173 N. Y. 255.) The error in the argument is in assuming that the assessment of the corporate franchise for taxation purposes proceeds upon the

same principle upon which the interest of the holder of capital stock is taxed. The franchise tax, which is assessed against the corporation, is to be computed upon the value of property within the state, in which the corporate capital is invested. (*People ex rel. U. S. A. P. P. Co.* v. *Knight*, 174 N. Y. 475; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Knight, supra.*) The assessment of the stockholder, however, is computed upon the value of his interest in the whole of the corporate property, as evidenced by the number of the shares of stock, which he holds. Their market value may, or may not, represent, proportionately, the actual value of the corporate properties. Very often it does not and the market value of the shares of capital stock may be quite disproportionately influenced by considerations, or by circumstances, having little reference to actual conditions. That value, whatever it may be in the market, is the worth attached to an interest in the corporate assets and properties, regarded as a whole. A share of capital stock represents the distinct interest, which its holder has in the corporation, and his right to participate in the distribution of the net earnings of the corporation, as a going concern, or in that of its assets, upon a dissolution, is proportionate to the number of shares which he holds. They evidence the extent of his proprietary interest and their assessment for taxation purposes must be upon that interest, regarded as an entity, and is unapportionable with reference to the situs of the corporate properties. The tax, imposed by the state upon the transfer of such property, upon the decease of its owner, is not upon the property which passes; it is upon the right of succession to it. The Transfer Tax Act operates upon that general-right to succeed to the interest of the deceased in the corporation, and it is inconceivable that the value of the interest, upon which the tax is computed, is determinable by the location of the corporate properties.

I advise the affirmance of the order, with costs.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Order affirmed.