Hillsborough,  
May 5, 1908.

GARDINER & a., *Ex'rs,*   v.   CARTER, *State Treas.*

Shares of stock in a domestic corporation, which form part of the estate of a non-resident decedent, constitute property within the jurisdiction of this state, and are subject to the tax imposed by chapter 40, Laws 1905.

Where the estate of a non-resident decedent consists of shares in a corporation chartered in this and other states, but having only a single issue of stock, the inheritance tax collectible under the law of this state is to be computed upon such proportional part of the market value of the shares as the value of the company's franchises and property here situate bears to the value of all its franchises and property.

A foreign executor or administrator cannot maintain a petition for license to sell the decedent's personalty here situate, under section 23, chapter 189, Public Statutes, if any part of the estate within this jurisdiction is subject to the tax imposed by chapter 40, Laws 1905.

PROBATE APPEAL. Transferred from the September term, 1907, of the superior court by *Peaslee,* J.

*Mitchell & Foster* and *Brandeis, Dunbar & Nutter* (of Massachusetts), for the plaintiffs.

*Edwin G. Eastman,* attorney-general, and *Joseph S. Matthews,* for the defendant.

BINGHAM, J. The plaintiffs are the executors, under an appointment from the probate court of Massachusetts, of the estate of

Michael Anagnos, who died testate shortly before August 16, 1906, and who was at that time a resident of Massachusetts. A part of his estate consisted of shares of stock in the Boston & Maine and Fitchburg railroads, the certificates for which at the time of his decease were in Massachusetts. The plaintiffs filed a copy of the testator's will in the probate court for Hillsborough county, and petitioned for a license to receive and dispose of the stock under sections 23 and 24, chapter 189, Public Statutes. The defendant objected to the issuing of the license until a tax of five per cent of the market value of the stock at the time of the testator's death should be paid. The plaintiffs then petitioned to have the amount of the tax determined, and the probate court decreed that the stock should be assessed at its full market value, in accordance with the defendant's contention. An appeal was taken from the decree. In the hearing upon the appeal in the superior court, evidence was offered by the plaintiffs tending to prove the total value of the assets of each road, and the value of such part of the assets of each as were situated in and subject to the jurisdiction of this state; also, that the roads were engaged in the business of interstate commerce and commerce with foreign nations. The court declined to receive the evidence and affirmed the decree appealed from, and the plaintiffs excepted.

The Boston & Maine Railroad is incorporated under that name in Maine, New Hampshire, and Massachusetts, and has but a single issue of stock. It owns franchises and property in all three states, which make up the market value of its stock. The facts pertaining to the Fitchburg Railroad, as to its incorporation, ownership of franchises and property, and the issue of stock, are of the same nature and need not be stated in detail.

The plaintiffs' contention is that only such proportional part of the market value of the stock should be taxed in this state as the value of the franchises and property of the corporation here situated bears to the total value of its franchises and property, wherever situated. They do not question the jurisdiction of the probate court, under the provisions of chapter 40, Laws 1905, to impose a tax upon shares of stock in a domestic corporation owned by a non-resident decedent and passing by will or intestate succession to parties not within the exceptions mentioned in the statute, but rather concede that stock so held is property within the jurisdiction of the state, and that a tax may lawfully be imposed upon its transmission. The court in Massachusetts, in construing a statute containing provisions substantially the same as our own, has so held (*Greves* v. *Shaw*, 173 Mass. 205; *Moody* v. *Shaw*, 173 Mass. 375; *Callahan* v. *Woodbridge*, 171 Mass. 595; Mass. Laws 1891, *c.* 425), and a like holding has been made by the court of

appeals in New York. *In re Bronson*, 150 N. Y. 1; *In re Palmer*, 183 N. Y. 238. The line of argument in these decisions is, that the probate court in the state where the property of the non-resident decedent is situated has jurisdiction of the settlement of the estate there located; that it may collect the assets within the state, pay the debts, make final distribution of the property, pay it over according to the will, or in its discretion cause it to be transmitted to the executor or administrator, if any, in any state or county where the deceased had his domicile, for final distribution; that the statutes imposing succession taxes contemplate that property of non-resident decedents will be administered by an executor or administrator appointed in the state where it is located; and that the right and title of a foreign executor or administrator are subject to the prior right of the state to have the property so administered as to yield the tax.

It was also decided in these cases that, as respects stock in a domestic corporation, the measure of the tax is the market value of the stock, whether all the property of the corporation is within the jurisdiction of the state or not; and it is upon this holding that the defendant relies in support of his contention, that the market value of the stock of the Boston & Maine and Fitchburg railroads should be the measure of the tax to be paid by the plaintiffs. But the plaintiffs' answer to this is, that the corporations whose stock was under consideration in those cases were chartered only in the state where the tax was imposed; that if they were chartered elsewhere this fact was not brought to the attention of the court; and that in the more recent decisions in Massachusetts and New York, upon its being shown that the corporation was chartered in two or more states under the same name, that it had but one issue of stock, and that its property and franchises in the different states constituted the value of the stock, it was held that the measure of the tax was such proportionate part of the value of the stock as the franchises and property of the corporation within the state was of the property and franchises in the several states in which the corporation was chartered. *Kingsbury* v. *Chapin*, (Mass.) 82 N. E. Rep. 700; *In re Cooley*, 186 N. Y. 220.

It seems to us that the conclusion reached in these decisions as to the measure of the tax should be followed in this case, and that the plaintiffs' contention should be sustained. A due regard for the language of our statute, as well as justice to the taxpayer, calls for such a construction of the law. Section 1, chapter 40, Laws 1905, provides that "all property within the jurisdiction of the state, real or personal, and any interest therein, whether belonging to inhabitants of the state or not, which shall pass by will, or by the laws regulating intestate succession, . . . shall

be subject to a tax of five per cent of its value, for the use of the state," etc. By its terms, the statute would seem to be limited in its operation to such property as is located in the state, or such as by reason of the domicile of the owner has its legal *situs* here (*Mann* v. *Carter, ante,* 345) and requires the aid of our laws for its transmission. The Boston & Maine Railroad is a domestic corporation in each of the states in which it is incorporated; and while the estate of a deceased non-resident stockholder requires the aid of the probate laws of this state to effectuate a transmission of the stockholder's right in the property of the local corporation, their aid is not required to effectuate the transmission of his right to property of the corporation in other states in which it is also chartered; and the value of the property requiring the aid of our laws for its transmission must, in such case at least, be taken as the measure of the tax called for by our statute.

It may be difficult to ascertain the exact value of the plaintiffs' right in the property of the local corporation; but if the tax is assessed upon such a percentage of the value of the stock as the amount of trackage within the state bears to the total trackage in the several states of its incorporation, the practical difficulty may be obviated, and it does not appear that the requirements of the statute would not be met.

It perhaps should be stated that since the enactment of chapter 40, Laws 1905, petitions under section 23, chapter 189, Public Statutes, cannot be maintained by a foreign executor or administrator, if any part of his testator's or intestate's property within the jurisdiction of the state is subject to a tax under chapter 40; that in such case it is necessary that ancillary administration be taken out by him, if he would establish and make effective his title to the property (*Knight* v. *Hollings,* 73 N. H. 495, 500; *Mann* v. *Carter, supra,* 350; P. S., c. 182, s. 8); that an inventory should be filed as required by section 9, chapter 40; and that these steps should be taken before application is made to the probate court under section 14, chapter 40. The plaintiffs' exception is sustained.

*Case discharged.*

PEASLEE, J., did not sit: the others concurred.