DOUGLAS COUNTY, APPELLEE, V. CHARLES T. KOUNTZE, APPELLANT.

FILED MAY 21, 1909.    No. 15,700.

1. Taxation: INHERITANCE TAX: REVIEW. If this court assumes jurisdiction on an appeal from an order appointing an appraiser to ascertain the amount of an inheritance tax alleged by the authorities to be due, it will go no further than to ascertain whether there was any property subject to such appraisement.

2. ——: ——: PERSONS LIABLE. The beneficiaries in a voluntary deed of settlement made by a resident of the state, who was domiciled therein at the time of his death, which provided that a foreign trustee should hold certain stocks of a Nebraska corporation, yielding the profits therefrom to the settlor during his life, and upon his death to transfer said stocks to the first named beneficiaries, are subject to the payment of an inheritance tax upon the transfer of said stocks to them, and the trustee is also personally liable therefor.

3. ——: ——: ——. The aforesaid settlor provided in said deed that his trustee should, upon the death of the settlor, transfer to two named trustees certain stocks in trust for a beneficiary, but that, if the settlor in his last will and testament should devise other property on trusts for the benefit of said beneficiary, then the trustees named in the deed of trust should hold said stocks on the terms named in the will for the benefit of the beneficiary. *Held*, That, although the trustee in the deed of trust resided in New York and had manual possession of said stocks at the time the settlor died, yet, if the settlor did make a provision in his will as aforesaid, that the beneficiary in the deed of trust must trace her succession through said will, and that she was subject to pay an inheritance tax, for which the trustee was also liable.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Isaac E. Congdon,* for appellant.

*James P. English* and *Alfred G. Ellick, contra.*

ROOT, J.

On the 20th day of November, 1906, Herman Kountze departed this life a resident of and domiciled in the city

of Omaha.  His estate was administered in said county
and an inheritance tax paid in conformity with the laws
of Nebraska upon all property which his representatives
concede was subject thereto.  In September, 1907, the
county of Douglas applied to the county judge for the
appointment of an appraiser to the end that a tax might
be levied upon the succession to certain other property
claimed to be subject to said tax.  Charles T. Kountze, a
son of the deceased, filed objections, and alleged therein
that on the 15th day of August, 1904, Herman Kountze
executed a certain writing as follows: "Know all men by
these presents: That Herman Kountze of the city of
Omaha, county of Douglas, and state of Nebraska, for a
good and valuable consideration, does hereby sell, trans-
fer, assign, set over and deliver unto Augustus F. Kountze
of the city, county and state of New York, but in trust,
however, for the persons and purposes hereinafter named
and as hereinafter set forth, all and signular the bonds,
shares of stock and personal property hereinafter de-
scribed, and all and singular the right, title, interest and
ownership of Herman Kountze in and to any and all
thereof.  *  *  *  Said Augustus F. Kountze shall as
trustee during the continuance of the trust have, hold,
manage, and control all of said bonds, shares of stock
and personal property and the increment of any and all
thereof and all proceeds or other property coming from
any sales, exchanges or reinvestments of any or all
thereof, with the rights and powers concerning and for the
uses and persons as follows:  He shall at all times have
and is hereby given the full right, power and authority
to manage, act with reference to and upon, any and all of
the same so as to most advantageously serve, care for and
preserve the trust property in accordance with his best
judgment; but he shall at no time sell, exchange, incum-
ber, or in anywise dispose of any part of the trust prop-
erty without the written consent of said Herman Kountze.
At no time shall said Augustus F. Kountze be liable to
any person whomsoever for any loss occasioned through.

error or judgment. Said Augustus F. Kountze as trustee shall pay to said Herman Kountze, during the lifetime of said Herman Kountze, for his own use and enjoyment, and when and as received by said Augustus F. Kountze, any and all incomes of the trust property and any and all distributions as dividends or otherwise that may be at any time made by any corporation or concern in which any shares of stock or interests are held by said Augustus F. Kountze as trustee. Upon the death of said Herman Kountze the trust shall end, and said Augustus F. Kountze as trustee, or his successor in the trust, shall thereupon close the trust and make distribution of the property of the trust estate, in kind so far as may be practicable, and if impracticable to distribute in kind then he may reduce so much of the property to money as he may deem necessary and make distribution thereof, to the following persons and in the following portions: To Clara Sarah Kountze, the wife of said Herman Kountze, one-seventh of all thereof, provided she be living at the time of the death of said Herman Kountze; to Augustus F. Kountze and Charles T. Kountze in trust for Eugenie Kountze Nicholson one-seventh of all thereof; to Augustus F. Kountze one-seventh of all thereof; to Charles T. Kountze one-seventh of all thereof; to Herman D. Kountze one-seventh of all thereof; to Luther L. Kountze one-seventh of all thereof; to Charles T. Kountze and Luther L. Kountze in trust for Gertrude Kountze Stewart one-seventh of all thereof. Should Clara Sarah Kountze die before said Herman Kountze the one-seventh which would be hers should she survive said Herman Kountze shall go and belong to such persons, and in such portions, as would in the event of her death before the death of Herman Kountze take the one-seventh of the residue of the personal property of Herman Kountze which he may bequeath to her in his last will and testament. Said Augustus F. Kountze and Charles T. Kountze shall hold the one-seventh which shall pass to them hereunder as trustees for Eugenie Kountze Nicholson for such time

**and with** powers and duties concerning exactly similar to the time and powers and duties concerning the portion of the residue of the property of said Herman Kountze which, in his last will and testament, he may provide shall go to trustees for her; and if in his last will and testament said Herman Kountze does not provide that trustees shall take any part of his property for Eugenie Kountze Nicholson then Augustus F. Kountze as trustee hereunder, or his successor in the trust, shall deliver one-seventh of the trust property referred to herein to Eugenie Kountze Nicholson direct, and she shall have the same freed from any trust. Said Charles T. Kountze and Luther L. Kountze shall hold the one-seventh which shall pass to them hereunder as trustees for Gertrude Kountze Stewart, for such time and with powers and duties concerning exactly similar to the time and powers and duties concerning the portion of the residue of the property of said Herman Kountze which, in his last will and testament, he may provide shall go to trustees for her; and if in his last will and testament said Herman Kountze does not provide that trustees shall take any part of his property for Gertrude Kountze Stewart then Augustus F. Kountze as trustee hereunder, or his successor in the trust, shall deliver one-seventh of the trust property referred to herein to Gertrude Kountze Stewart direct, and she shall have the same freed from any trust. In the event of the death of either Augustus F. Kountze or Charles T. Kountze before or after the death of Herman Kountze, or in the event that either of them should be unwilling or incompetent to act, then Herman D. Kountze or Luther L. Kountze, being willing and competent to act, in the order named, shall with reference to the trust for Eugenie Kountze Nicholson become the successory trustee; and in the event of the death of either Charles T. Kountze or Luther L. Kountze before or after the death of Herman Kountze, or in the event that either of them should be unwilling or incompetent to act, then Augustus F. Kountze or Herman D. Kountze, being willing and com-

petent to act, in the order named, shall with reference to
the trust for Gertrude Kountze Stewart become the suc-
cessory trustee; the purpose being that there shall be two
trustees for each trust, but that if at any time only one of
said mentioned four be living and willing and competent
to act the survivor or one willing and competent to act
shall be sole trustee for each trust. If all of said men-
tioned four should die during the continuance of the
trusts the same shall end. If either Eugenie Kountze
Nicholson, Augustus F. Kountze, Charles T. Kountze,
Herman D. Kountze, Luther L. Kountze, or Gertrude
Kountze Stewart should die before the death of Her-
man Kountze then the one-seventh of the trust prop-
erty herein which would have gone to the one dying
had he or she survived said Herman Kountze, shall go to
such persons and in such portions and manner as may be
provided in the last will and testament of said Herman
Kountze for the passing of the one-seventh of the residue
of the property of said Herman Kountze devised and be-
queathed to the one so dying. In the event that Augustus
F. Kountze should die before the death of Herman
Kountze, or before performing all of his duties as trustee
hereunder, or should resign or become incompetent to act,
then Herman D. Kountze, Charles T. Kountze or Luther
L. Kountze being willing and competent to act, in the
order named, shall become the successory trustee; and
should the trust hereunder devolve upon either Herman
D. Kountze, Charles T. Kountze or Luther L. Kountze
and the one upon whom the trust devolves should die or
become incompetent then the eldest of said persons sur-
viving and willing and competent to act shall become the
trustee; and the trust hereby created concerning the
property herein described shall never fail for want of a
trustee. In testimony whereof I have hereunto set my
hand in the city of Omaha, county of Douglas, and state
of Nebraska, on this 15th day of August, A. D. one thou-
sand nine hundred and four (1904). Herman Kountze.
In the presence of Isaac E. Congdon."

Said instrument was executed in Omaha, where Herman Kountze then resided and was domiciled: The trustee accepted said trust in said city and there received the stocks and bonds in said deed of trust described. No money or property passed between the settlor and the trustee in consideration of said trust. The trustee was then, and at all times thereafter has continued to be, a resident of the city of New York, and, contemporaneous with his acceptance of said trust, took actual possession of said securities and transferred them to New York, where they have since remained. The securities are intact, but the dividends accruing thereon have been collected and were paid Herman Kountze during his lifetime. All of said beneficiaries are in life and of full age. Eugenie Kountze Nicholson is a resident of Indiana, where she resided in 1904. Augustus F. Kountze and Herman D. Kountze then resided and have continued to reside in the state of New York, and the remaining beneficiaries reside in Nebraska and so resided in 1904. Said trustee, acting on legal advice, submitted said property to the authorities of the state of New York and paid an inheritance tax assessed thereon by said officials, but refuses to concede such right to the authorities of Nebraska. The trustee refuses to distribute the securities at any place other than New York. Said stocks and bonds were issued by corporations organized in states other than Nebraska, except the stock of the United Real Estate and Trust Company, which is a Nebraska corporation. The county demurred to said showing, and its demurrer was sustained. The trustee elected to stand upon his answer, which was dismissed and an appraiser appointed. The trustee gave bond and appealed to the district court. No pleadings seem to have been filed therein, but the court evidently acted upon and sustained the demurrer filed in the county court and confirmed its order. The trustee appeals to this court.

Counsel for the respective litigants have filed interesting briefs and made instructive arguments concerning the

jurisdiction of the taxing authorities to levy an inherit-
ance or succession tax upon the respective beneficiaries
under the deed of trust. It is not proper to, nor will we,
determine all of those questions. We are inclined to
question the right of the trustee to appeal from the order
made, for the reason that it did not necessarily prejudice
him nor those whose rights he is defending. In any event,
we shall go no further than to ascertain whether, under
the facts in this case, it appears that the succession to any
of the gifts made in the deed of settlement exhibited by
the trustee is subject to said tax. The interests trans-
ferred to the beneficiaries under the deed were intended
to take effect as to enjoyment by all of said beneficiaries,
and as to possession by some of them, upon the death of
the settlor, and are within the plain meaning of section
11201, Ann. St. 1907. To the argument of the trustee
that at the time of the settlor's death all of said property
was permanently located outside the limits and without
the jurisdiction of the state of Nebraska, it may be said
that the property represented by 5,224 shares of the capi-
tal stock of the United Real Estate and Trust Company,
a Nebraska corporation, was for the purposes of said act
within this state, and title thereto can only be transferred
by virtue of the laws thereof. The complete devolution of
said title must take place under the protection and accord-
ing to the laws of Nebraska, and that succession is subject
to the inheritance tax. *Neilson v. Russell,* 69 Atl. (N.
J.) 476; *Gardiner v. Carter,* 74 N. H. 507, 69 Atl. 939.
It will also be observed that the interests of the bene-
ficiaries Eugenie Kountze Nicholson and Gertrude
Kountze Stewart cannot be absolutely ascertained from
a consideration of the deed of settlement, because the set-
tlor therein reserves the right to limit in his will the terms
upon which they may enjoy his bounty. The record does
not disclose whether Herman Kountze made a will or not.
If he did and therein exercised the right which he re-
served in the deed of settlement, then said beneficiaries
must trace their succession through said will and by grace

of the laws of Nebraska, and that devolution is subject to the inheritance tax.

It is argued that, as the beneficiaries have paid one inheritance tax in New York, equity and good conscience dictate that a second burden should not be laid in Nebraska. The question presented is not one of general equities, but of jurisdiction. It has been held, and logically, that the taxing authorities must be controlled solely by the laws of the state, and not by proceedings in another and distinct jurisdiction, to ascertain whether or not a certain tax should be levied or collected. Payment in the one state is not a defense when called upon to pay in the other, unless so provided by law. *Mann v. Carter,* 74 N. H. 345, 68 Atl. 130; *Blackstone v. Miller,* 188 U. S. 189.

The county court was right in appointing an appraiser. The district court ruled properly in sustaining that appointment, and its judgment is

AFFIRMED.

LETTON, J., concurring.

While I concur in the opinion, I seriously doubt whether the appeal was not prematurely taken. The statute provides for the appointment of an appraiser upon the application of any interested party who shall give notice to such persons as the county judge may by order direct of the time and place of the appraisement, and may compel attendance of witnesses and take evidence under oath concerning the property and the value thereof, and provides further for reporting the same to the county judge, who shall fix and determine the value of the property and the tax to which the same is liable. It provides further for an appeal to the county court by any person or persons dissatisfied. I think the proper practice would have been for the parties interested to wait until they were injured by some order or judgment before they sought to review the same. This is the view taken as to the manner

36

of procedure, in New York. *In re Astor's Estate,* 6 Dem. Sur. (N. Y.) 402, 2 N. Y. Supp. 630; *In re Estate of Ullmann,* 137 N. Y. 403, 33 N. E. 480.