[S. F. No. 6790.   Department Two.—March 26, 1917.]

JOHN E. McDOUGALD, as Treasurer of the City and County of San Francisco, Appellant, v. ALICE M. LILIENTHAL et al., Respondents.

INHERITANCE TAX—ACT OF 1905—PROPERTY IN THIS STATE OF NON-RESIDENT DECEDENT.—Section 1 of the inheritance tax law of 1905 (Stats. 1905, p. 341), providing that "all property which shall pass, by will or by the intestate laws of this state, from any person who may die seized or possessed of the same while a resident of this state, or if such decedent was not a resident of this state at the time of death, which property, or any part thereof, shall be within this state . . . shall be and is subject to" an inheritance tax, imposes such tax (1) upon all property passing by will or by the intestate laws of this state, and (2) upon all property of a nonresident decedent, which, regardless of its mode of transfer or succession shall be within the state.

ID.—LOCAL ADMINISTRATION PROCEEDING UNNECESSARY TO IMPOSITION OF TAX.—The imposition of such tax upon property within this state of a nonresident decedent is in no wise dependent upon any proceedings in probate, ancillary or otherwise, had within the state.

ID.—TAXING POWER OF STATE OVER PERSONAL PROPERTY.—The maxim *mobilia sequuntur personam* is one which the state in its taxing laws may modify or reverse.

ID.—STOCK IN CALIFORNIA CORPORATION OWNED BY NONRESIDENT.—Shares of stock in a California corporation belonging to a nonresident decedent are liable to the inheritance tax imposed by such act, without regard to the place where the certificates evidencing the stock ownership may be kept.

ID.—FEDERAL CONSTITUTION—FULL FAITH AND CREDIT CLAUSE—DISTRIBUTION IN COURT OF DOMICILE.—The full faith and credit clause of the constitution of the United States and the decree of distribution in the probate court of the domicile of the nonresident decedent does not preclude the imposition by this state of an inheritance tax on property therein situated which is distributed by such decree.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

Hartley F. Peart, U. S. Webb, Attorney-General, Albert H. Elliott, Assistant Inheritance Tax Attorney, William A. Sullivan, Assistant Inheritance Tax Attorney, and Gus L. Baraty, for Appellant.

Lilienthal, McKinstry & Raymond, for Respondents.

HENSHAW, J.—Albert Lilienthal, a nonresident of this state and a resident of the state of New York, died intestate in the city and state of New York. At the time of his death he was the owner of 1,386 shares of the capital stock of the Lilienthal Company, a California corporation, having its principal place of business in the city and county of San Francisco. The certificates representing his ownership in the capital stock of the corporation were, at the time of the decedent's death, in the city of New York. This property was distributed in probate proceedings by the courts of the state of New York, and these shares were distributed to the respondents upon this appeal, who are, respectively, one the widow, the other the son of the deceased. The inheritance tax imposed through the succession of ownership of this stock under the laws of the state of New York was duly paid. No probate proceedings upon the estate of the deceased have been had in the state of California. The inheritance tax law of 1905 (Stats. 1905, page 341) is the California law which was in force at the time of the death of the decedent. The treasurer of the city and county of San Francisco, appellant herein, filed a petition as contemplated by the law looking to the exaction of a tax upon this personal property under our law. The respondents herein answered, hearing was had, and the court gave judgment against the treasurer's contention. From that judgment this appeal is taken.

Section 1 of the act of 1905 is the section defining the property for whose transfer by act or by operation of law a tax is imposed. The construction of this section gives rise to the principal controversy between these parties. The section, in so far as it is here necessary to quote it, provides as follows: "All property which shall pass, by will or by the intestate laws of this state, from any person who may die seized or possessed of the same while a resident of this state, or if such decedent was not a resident of this state at the time of death, which property, or any part thereof, shall be within

this state . . . shall be and is subject to a tax hereinafter provided for. . . .'' Respondents' interpretation of this language, which was adopted by the trial court, is that the state has imposed this tax only on ''all property which shall pass, by will or by the intestate laws of *this* state''; that in the succeeding part of the sentence, grammatically and by necessary construction (since this tax proceeding is admittedly one *in invitum*) the words ''which property'' have direct reference to and in their meaning are limited by the opening words of the act; that, consequently, the state has declared its intention to tax only property which shall pass by will or by the intestate laws of this state, which property, if the property of a resident, shall be taxed wherever situated, but which property, if the property of a nonresident, shall not be taxed unless situated in this state. As the property here under consideration is unquestionably personal property, and as it did not pass to these respondents either by will or by the intestate laws of this state (propositions which may not be controverted), it is not subject to the tax here sought to be imposed. Such is respondents' position.

Indisputably, if respondents' construction of the section is sound, the conclusion drawn from that construction is unanswerable. But with that construction we cannot agree. It may be at once conceded that the language lacks the clearness which should be found in every law, and especially in a law imposing the burden of a tax. But it is taken bodily from the statute of New York, and had been construed by the highest court of that state before its adoption into the law of this state, and the meaning given to it was, in effect, that the grammatical construction of the sentence was faulty and that it meant to impose a tax, first, upon all property passing by will or by the intestate laws of this state, and, second, upon all property of a nonresident, which, regardless of its mode of transfer or succession shall be within the state. Such is not only the interpretation of the highest court of New York, but is likewise the interpretation of the highest court of Illinois under its statute identical in this respect with our own. (*People* v. *Griffith*, 245 Ill. 532, [92 N. E. 313].) The declaration of this court in *Estate of Kennedy*, 157 Cal. 517, [29 L. R. A. (N. S.) 428, 108 Pac. 280], to the effect that the language in the first lines of the section ''pass, by will or by the intestate laws of this state,'' means to pass by

virtue and effect of the law of this state governing testacy or intestacy is, of course, perfectly sound. But this court was not there called upon to review the language of the whole section. It was dealing with the much narrower question, namely, whether a homestead set apart by the probate court constituted property passing by will or by the intestate laws. The unescapable conclusion that our law designs to tax all of the property of a nonresident deceased, which is within the state, carries with it the additional determination that the imposition of this tax is in no wise dependent upon any proceedings in probate, ancillary or otherwise, had within the state. Without regard to such proceedings, the state has exercised its unquestioned power to tax property within its territorial limits and jurisdiction, over which it has extended the protection of its laws.

We are thus brought to the second and subordinate question, namely: Is the property, within the meaning of our inheritance tax law, within the state? The familiar maxim, *mobilia sequuntur personam,* is one, it may not be questioned, which the state in its taxing laws may modify or reverse. In the case of the statute under consideration it is declared that all the property of a nonresident within the state shall be subject to the tax. It has (section 28) defined property very broadly to include real and personal property and interests therein.

Our next consideration is whether this ownership by the deceased of a portion of the capital stock of a California corporation, which ownership was evidenced by printed and written certificates, which certificates in turn were in the state of New York, is of property within this state. Of this our own decisions as well as those of other jurisdictions remove all doubt. The proposition is thus stated in 37 Cyc. 1562, subdivision *b*: "Shares of stock in a domestic corporation are subject to the tax at the domicile of the corporation on their transfer by will or under the intestate laws, although the decedent was a nonresident and this without regard to the place where the certificate may be kept." To the same effect are our own cases of *Murphy* v. *Crouse,* 135 Cal. 14, [87 Am. St. Rep. 90, 66 Pac. 971], *McDougald* v. *Low,* 164 Cal. 107, [127 Pac. 1027], and those of other jurisdictions; *Matter of James,* 144 N. Y. 6, [38 N. E. 961]; *Estate of Bronson,* 150 N. Y. 1, [55 Am. St. Rep. 632, 34 L. R. A. 238,

44 N. E. 207]; *Estate of Fitch,* 160 N. Y. 87, [54 N. E. 701];
*Palmer's Estate,* 183 N. Y. 238, [76 N. E. 16]; *Greves* v. *Shaw,*
173 Mass. 205, [53 N. E. 372]; *Gardiner* v. *Carter,* 74 N. H.
507, [69 Atl. 939]; *Douglas County* v. *Kountze,* 84 Neb. 506,
[121 N. W. 593]; *State Treasurer* v. *Gould,* 145 Iowa, 1, [25
L. R. A. (N. S.) 384, 123 N. W. 743].

It is finally contended that under the full faith and credit
clause of the constitution of the United States the decree of
distribution in the probate court of New York precludes the
right of the state to tax this property, and in support thereof
is cited *Tilt* v. *Kelsey,* 207 U. S. 43, [52 L. Ed. 95, 28 Sup.
Ct. Rep. 1]. It may be conceded that the law of the domi-
cile controls the disposition of personal property, where the
law of the place of the location of the property is not in con-
flict therewith. But we do not understand that the full
faith and credit clause imposes any limitation upon the sov-
ereign right of a state to tax any and all property within it,
nor is this right we think for a moment denied by respond-
ents. This general right to tax includes the right to impose
a tax on succession known as an inheritance tax, and the
effect of our law is that those to whom the property has gone
by virtue of the distribution awarded by the courts of New
York cannot take full title to and enjoyment of their prop-
erty until payment of the tax imposed by the state of Cali-
fornia, in which state the property is located.

The judgment appealed from is therefore reversed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.