Opinion
COMPTON, J.
The Controller of the State of California appeals from an order of the Superior Court of Los Angeles County declaring that the transfer of certain corporate shares was not subject to the California inheritance tax. We affirm.
Certain findings of fact prepared by the trial court succinctly describe the background of this litigation and we set them forth verbatim.
“1. Edward B. Hall, Jr. was a citizen of the United States and a resident of the State of California. He died on July 31, 1972. His Will was admitted to probate in the County of Los Angeles and his estate was administered herein. The California inheritance tax imposed upon the assets in Edward’s estate was duly fixed by order of this Court which has heretofore become final, and the said tax has been paid.
“2. In Edward’s Will he created a testamentary trust, which was divided into Fund A and Fund B. Under Edward’s Will his wife Marthe B. Hall was given a testamentary general power of appointment over Trust Fund A only. Loring F. Danon has at all times been the executrix of Edward’s Will, and she is also the Trustee of Edward’s testamentary trust. Mrs. Danon resides in Los Angeles County, California.
“3. Edward was survived by his wife Marthe by a period of about six months, and Marthe died in Paris, France on February 9, 1973. Marthe *222 was at all times a citizen of the Republic of France and a resident of Paris. Marthe’s Will was admitted to probate in Paris, France and her estate was administered there.
“4. At the time of Marthe’s death she had no assets in the State of California other than her testamentary power of appointment over Fund A of Edward’s Trust.
“5. It has been judicially determined in connection with the administration of Edward’s testamentary trust in Estate of Edward B. Hall, Jr., deceased, Los Angeles Superior Court case No. P 595640 that Marthe did not exercise her testamentary power of appointment over Trust Fund A, and that in default of such exercise, the assets in Fund A will be divided equally between and distributed to Loring Danon, Jean F. Leary, and Joan F. Rubidge, who are the three nieces of Edward. Loring Danon resides in Los Angeles, California, Jean F. Leary resides in Memphis, Tennessee, and Joan F. Rubidge resides in Raytown, Missouri.
“6. At the date of Marthe’s death, no assets had been distributed from Edward’s probate proceeding, no assets were held by Edward’s testamentary trustee, and no assets had been allocated to Trust Fund A. Edward’s Will specified which assets were to be allocated to Fund A when such assets were received by the trustee.
“7. The first distribution of assets from Edward’s probate estate to the testamentary trustee was made on August 27, 1973, and at that time the testamentary trustee allocated to Fund A assets which had a fair market value on February 9, 1973, the date of Marthe’s death, of $357,233.32.”
The property in dispute constitutes the major portion of the assets allocated to Trust Fund A and consists of a number of corporate shares of a value of $114,849.18 located in a safe deposit box in Los Angeles, California, and another number of shares of a value of $165,921.31 located in a safe deposit box in New York City, New York.
It is conceded that all of these shares are in corporations which were not organized in California and which neither had their principal place of business nor did the major part of their business in California.
*223 The controlling statute is Revenue and Taxation Code section 13303 which defines property, the transfer of which is subject to inheritance tax in California as follows:
“ ‘Estate’ or ‘property’ means the real or personal property or interest therein of a decedent or transferor, and includes all of the following:
“(a) All intangible personal property of a resident decedent within or without the State or subject to the jurisdiction thereof.
“(b) All intangible personal property in California belonging to a deceased nonresident of the United States, including all stock of a corporation organized under the laws of California or which has its principal place of business or does the major part of its business in California . . . .”
It is at once apparent that the transfer of these shares is not taxable in California under that portion of section 13303 which delineates the basis for determining the “presence” of a corporation in California. Nor is the physical presence of the stock certificates in California a basis for taxing their transfer.
“ ‘Shares of stock in a domestic corporation are subject to the tax at the domicile of the corporation on their transfer by will or under the intestate laws, although the decedent was a nonresident and this without regard to the place where the certificate may be kept.’ ” (McDougald v. Lilienthal, 174 Cal. 698, at p. 701 [164 P. 387].)
The Controller contends, however, that the power of appointment itself was an item of intangible property which was “in California” because resort to California courts is necessary to assert the power or secure the property. He argues that this has the effect of giving the ownership interests in the out of state corporations a situs in California.
Inheritance tax is an excise tax on the privilege of succession in interest to property (Estate of Bloom, 213 Cal. 575 [2 P.2d 753]; Estate of Barter, 30 Cal.2d 549 [184 P.2d 305]) and computed on the basis of the value of the property transferred.
Revenue and Taxation Code section 13696 makes a decedent’s exercise of a power of appointment a taxable transfer of the property subject thereto and a failure to exercise a power of appointment subject *224 to tax “as a transfer of the property from the decedent to the person to whom the property passes by virtue of the nonexercise of the power.” (Italics added.) (Civ. Code, § 1390.3.)
In Estate of Bowditch, 189 Cal. 377 [208 P. 282, 23 A.L.R. 735], the holder of a power of appointment over some personal property died in California. By her will, which was subject to probate in California, she exercised the power of appointment. The property which was subject to the power of appointment was physically located in the State of Massachusetts. The California Supreme Court in denying the taxability of the transfer stated at page 380: “It is obvious that the exercise of the power of appointment ... is governed by and dependent upon the laws of California only in the event that the personal property which is the subject of the said power is within the jurisdiction of this state.”
At the time of Bowditch, the Inheritance Act of 1917 section 2, subdivision 6 (Stats. 1917, p. 880) provided, as does the present Revenue and Taxation Code section 13696, that the exercise, of a power of appointment was taxable “in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by . . . will.”
The Bowditch court, however, concluded that California lacked jurisdiction to tax such a transfer unless the property so transferred was located in California.
In Estate of Newton, 35 Cal.2d 830 [221 P.2d 952, 19 A.L.R.2d 1399], the issue before the court was the taxability of the exercise of a power of appointment by the will of a deceased resident of California. The power had been received by the decedent from his father who had previously died in New York. The property subject to the power was located in New York.
The Newton court disapproved of the Bowditch rationale that California lacked jurisdiction to impose a tax on the exercise of the appointment. In support of its conclusion the Newton court cited Graves v. Elliott, 307 U.S. 383 [83 L.Ed. 1356, 59 S.Ct. 913], for the proposition that a state could constitutionally impose a tax on intangible property owned by a domiciliary of the taxing state even though those intangibles had a situs outside such state.
*225 In Newton, at page 835, we find the following discussion of Graves v. Elliott, supra: “The court said that, as in the case of any other intangibles, control over the person and estate of the decedent at the place of domicile and the duty of decedent to contribute to the support of government there, afforded adequate constitutional bases for the imposition of a tax measured by the value of the intangibles transmitted or relinquished at death.” (Italics added.)
In the case at bench the donor of the power, Edward Hall, was a domiciliary of California at his death and in conjunction with the probate of his estate in California the granting of the power of appointment to Marthe was taxed pursuant to Revenue and Taxation Code section 13694. But, as distinguished from Newton, supra, Marthe, the donee of the power of appointment, was not a domiciliary of California at the time of her death nor was her estate subject to the control of California.
Conceding, without deciding, that under the authority of Newton, California would have jurisdiction to tax the transfer here involved, the issue remains whether California has in fact done so. The power to exercise such jurisdiction, if it exists, is exclusively with the Legislature and it is not within the prerogative of the Controller or the courts to impose a tax which the Legislature has refrained from imposing.
The critical factors in this case are Marthe’s domicile at the time of her death and the provisions of her will which failed to exercise the power of appointment. The domicile of Edward Hall and the control of the probate of his will are irrelevant.
California by its legislative enactments views the situation before us in the exact same fashion as if Marthe had owned the shares outright and devised them to the beneficiaries.
Marthe, being a nonresident of the United States, the question of whether that transfer was subject to California inheritance tax is determined by whether the property transferred had a situs in California. The issue is not, as the Controller contends, whether under any theory the power of appointment itself enjoyed a situs in California. The power ceased to exist at Marthe’s death and as a result there was a transfer of intangible property in the nature of shares in a corporation from her to the takers in default. (Rev. & Tax. Code, § 13696.)
*226 In enacting Revenue and Taxation Code section 13303 the Legislature has wielded the taxing power, under the circumstances, of a nonresident of the United States, to reach only intangible property which has a situs in California. A review of the history of the statutory and case law leads ineluctably to the conclusion that the test to be applied in determining that situs is the doctrine of mobilia sequuntur personam.
In applying the mobilia doctrine to California inheritance tax, the California courts have consistently held that all intangibles owned by California residents are subject to tax in California because of the domicile of the owner, and as to California nonresidents and United States nonresidents the only intangibles that are taxable in California are stock in California corporations and intangibles with a business situs in California. (McDougald v. Low, 164 Cal. 107 [127 P. 1027]; Estate of Hodges, 170 Cal. 492 [150 P. 344]; Estate of McCahill, 171 Cal. 482 [153 P. 930]; McDougald v. Lilienthal, supra, Chambers v. Mumford, 187 Cal. 228 [201 P. 588, 42 A.L.R. 342]; Estate of Dillingham, 196 Cal. 525 [238 P. 367]; Estate of McCreery, 220 Cal. 26 [29 P.2d 186]; Robinson v. McColgan, 17 Cal.2d 423 [110 P.2d 426]; Estate of Tutules, 204 Cal.App.2d 481 [22 Cal.Rptr. 427].)
The Controller, in an effort to avoid the application of that doctrine, is attempting to “bootstrap” by contending that the power of appointment and the failure to exercise it serves both the purpose of providing a basis to tax the transfer of the property and also to provide a situs in California for all property subject to the power regardless of its nature and location.
The ownership interests in the corporation, which passed to the takers in default by virtue of Revenue and Taxation Code section 13696, did not have a California situs under either the mobilia doctrine or the statutory criteria of Revenue and Taxation Code section 13303.
The judgment is affirmed.
Roth, P. J., concurred.