INTERNATIONAL BRIDGE & TRAMWAY CO. et al. v. HOLLAND TRUST CO.

(Circuit Court of Appeals, Fifth Circuit. May 18, 1897.)

No. 559.

FEDERAL COURTS — JURISDICTION — FORECLOSURES — PROPERTY IN FOREIGN COUNTRY.

In foreclosing a mortgage on a bridge connecting a state of the Union with a foreign country, a federal court of equity in such state has jurisdiction to foreclose the entire lien, including that covering the franchises and property lying in such foreign country. Muller v. Dows, 94 U. S. 444, followed.

Appeal from the Circuit Court of the United States for the Western District of Texas.

This was a suit in equity by the Holland Trust Company, a corporation organized under the laws of New York, against the International Bridge & Tramway Company and others, to foreclose a mortgage upon a toll bridge across the Rio Grande river between the city of Laredo, Tex., and the city of Nuevo Laredo, in the republic of Mexico, and upon the approaches thereto, and all of the bridge company's premises, property, franchises, etc. The International Bridge Company was chartered by the state of Texas, and had a concession and contract from the government of Mexico, and a grant from the congress of the United States, together with the necessary county and municipal permits and ordinances. After a hearing of the cause on the merits, the circuit court entered a decree foreclosing the mortgage as to all the property, franchises, etc., of the mortgagor company. From this decree the defendants have appealed, assigning for error that the court had no jurisdiction to foreclose the lien of the mortgage upon that part of the property, rights, and franchises of the company lying within the republic of Mexico.

Oscar Bergstrom, for appellants.

Winchester Kelso and Geo. M. Van Housen, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and NEW-MAN, District Judge.

PER CURIAM. The assignment of error in this case is not well taken. Muller v. Dows, 94 U. S. 444. The decree appealed from is affirmed.