JAMES S. GREVES, executor, *vs.* EDWARD P. SHAW
& others.

Bristol.    October 24, 1898. — April 5, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, LATHROP, BARKER,
& HAMMOND, JJ.

*Tax on Collateral Legacies and Successions — Transfer by Executor in another
State of Stock in Corporation here.*

The fact that shares of stock in corporations organized under the laws of this
Commonwealth and of national banking corporations located here belonging to
a resident of another State, the certificates of which are there at the time of his
death, are transferred there by the executor of his will under the authority of
his appointment in that State before he is appointed executor here, does not
exempt such shares from taxation under St. 1891, c. 425, relating to the taxation
of collateral legacies and successions.

PETITION to the Probate Court, by the executor of the will
of Mary T. Porter, late of New York in the State of New York,
for instructions as to the payment of a collateral inheritance tax.
A decree was entered that certain personal property belonging
to the estate within this Commonwealth was subject to such
tax, and the executor and the legatees under the will appealed
to this court.    Hearing before *Holmes,* J., upon the petition and
an agreed statement of facts, in substance as follows.

The testatrix, Mary T. Porter, was a resident at the time of
her death of the city of New York, and had her legal domicil
at that place.    She died prior to July 23, 1894.    Her will was
proved and allowed by the Surrogate's Court of the City and
County of New York on that day, and the petitioner was
appointed executor of the will and qualified in the State of New
York.    At the date of her death, the testatrix was possessed
of certain real estate within this Commonwealth, and also of
certain personal property consisting of shares in corporations
named in the inventory, as well as other personal property
within the State of New York.    At the date of her death all the
certificates of stock named in the inventory were actually within
the city of New York.    The shares represented by these certifi-

cates of stock were transferable in the ordinary manner, by indorsement and delivery of the certificates.

On September 6, 1895, the will of Mary T. Porter was admitted to probate in the county of Bristol in this Commonwealth, and the petitioner was appointed executor thereof within this Commonwealth. He qualified as such executor, and within three months, as required, filed an inventory in the Probate Court for the County of Bristol. The personal property shown in such inventory was all the personal property possessed by the testatrix at the time of her death within the jurisdiction of this Commonwealth. Previously to September 6, 1895, and to the proof of the will of Mary T. Porter in this . Commonwealth, the petitioner, acting as executor under his appointment in the State of New York, and in execution of the provisions of the will of the testatrix, transferred all of the stock mentioned in the inventory with the exception of eight shares of the Suffolk National Bank of Boston, and two shares of the National Bank of Commerce of Boston.

All of the stock so transferred was transferred by the executor under the fourth item of the will, by which the sum of $30,000 was given in trust to Frank H. Gifford. The transfer was made by the executor by filling out the blank prepared for transfer upon the back of the certificates, and by delivering the same to Gifford as trustee, together with a certified copy of the letter of appointment of the executor issued by the Surrogate's Court for the City of New York.

None of the transfers were signed in blank, and all of them were made upon the books of the corporation prior to September 6, 1895. Subsequently to September 6, 1895, the executor transferred the eight shares of the Suffolk National Bank of Boston in the same manner to Gifford as trustee, furnishing to Gifford a certified copy of his appointment as executor by the Probate Court for the County of Bristol; and also subsequently to September 6, 1895, the executor sold two shares of stock in the National Bank of Commerce of Boston, and the stock was afterwards transferred to the purchaser by the corporation, upon being furnished with a certified copy of the executor's appointment in this Commonwealth.

The purpose of the probate of the will in this Commonwealth

was to complete the title to the real estate situated here and owned by the testatrix. Upon the real estate the inheritance tax has been paid to the treasurer of the Commonwealth. The inventory was filed by the executor in accordance with the opinion from the Attorney General's office requiring a full inventory to be filed in such cases. The executor has paid to the State of New York a transfer tax, corresponding to the collateral inheritance tax assessed in this Commonwealth upon the amount of the personal property of the testatrix, represented by the shares in the Massachusetts corporations appearing in the inventory.

Of the corporations, the shares in which were inventoried by the executor, the following were corporations duly organized under the laws of this Commonwealth: the New Bedford Copper Company, the New Bedford Gas Company, the New Bedford Gas and Edison Light Company, the Fitchburg Railroad Company, and the Boston and Maine Railroad Company; the following were corporations duly established under the laws of the United States of America, and located at New Bedford: the First National Bank, the Merchants' National Bank, the National Bank of Commerce, and the Mechanics' National Bank; and the following were corporations duly organized under the laws of the United States of America, and located at Boston: the Suffolk National Bank, and the National Bank of Commerce.

The case was reserved, at the request of the parties, for the consideration of the full court; such order to be made as justice might require.

The case was argued at the bar in October, 1898, and afterwards was submitted on briefs to all the justices.

*O. Prescott Jr.*, (*J. F. Jackson* with him,) for the petitioner.

*A. W. De Goosh*, Assistant Attorney General, for the Commonwealth.

KNOWLTON, J. The language of the St. of 1891, c. 425, § 1, in regard to the taxation of the succession to property after the death of the former owner, is exceedingly broad and sweeping. Subject to conditions named, the tax is imposed on "all property within the jurisdiction of the Commonwealth and any interest therein, whether belonging to inhabitants of the Commonwealth or not, and whether tangible or intangible." There can be no

doubt that stock in corporations organized under the laws of this Commonwealth, and of national banking corporations located in this State, is property within the jurisdiction of the Commonwealth, within the meaning of this statute. *Callahan* v. *Woodbridge,* 171 Mass. 595. *In re Bronson,* 150 N. Y. 1. *Tappan* v. *Merchants' National Bank,* 19 Wall. 490, 500. *First National Bank of Mendota* v. *Smith,* 65 Ill. 44, 55. *Street Railroad* v. *Morrow,* 87 Tenn. 406, 427. Such a corporation, being in a sense a citizen of this State, and having an abiding place here akin to the domicil of a natural person, is subject to the jurisdiction of the Commonwealth, and is in fact within the Commonwealth. The stockholders are the proprietors of the corporation, which is itself the proprietor of the property owned and used for the ultimate benefit of the stockholders. While the corporation has a full and complete legal title to the corporate property, its ownership is in a sense fiduciary; for on winding up its affairs the surplus, after the payment of debts, must be divided among the stockholders. *Fisher* v. *Essex Bank,* 5 Gray, 373, 377. *Field* v. *Pierce,* 102 Mass. 253, 261. *Graham* v. *La Crosse & Milwaukee Railroad,* 102 U. S. 148, 160, 161. *Hollins* v. *Brierfield Coal & Iron Co.* 150 U. S. 371, 383. National banking corporations are expressly given a local status in the State where they are established. U. S. Rev. Sts. §§ 5134, 5190, 5219.

By the terms of the statute the succession to property belonging to non-residents is subject to a tax like that of residents of the Commonwealth. That the certificates in the present case were in the State of New York at the time of the death of the testatrix is immaterial.

The only ground on which it is strongly contended that the stocks in question are exempt from taxation is that they were transferred by the executor, under the authority of his appointment in the State of New York, before he was appointed in this Commonwealth. It is argued by the appellant that, although a foreign executor or administrator cannot be recognized by the courts of this Commonwealth in any suit or proceeding to collect assets under his foreign appointment, he has a title by virtue of it such that payments and deliveries of property in this Commonwealth may properly be made to him. *Hutchins* v. *State Bank,* 12 Met. 421. *Martin* v. *Gage,* 147 Mass. 204. *Anthony*

v. *Anthony*, 161 Mass. 343. *Parsons* v. *Lyman*, 20 N. Y. 103. *Trecothick* v. *Austin*, 4 Mason, 16. *Low* v. *Railroad Co.* 63 N. H. 557. *Marcy* v. *Marcy*, 32 Conn. 308. This doctrine is subject, however, to the rule that, if in the interests of local creditors ancillary administration is taken out, the title of the foreign administrator to the property then in the State is subordinate to the title of the ancillary administrator, who specially represents local rights under the authority of local laws.

It is contended that, if, under his foreign appointment, the original executor obtains possession of property in this Commonwealth, it should be treated under this statute as if it had never been within our jurisdiction, and be free from taxation, inasmuch as it does not come into the hands of the local administrator or executor. But we are of opinion that this contention is not well founded. The provisions of the statute subjecting property described in it to taxation are absolute. The statute assumes that this property will be administered by an executor or administrator appointed in this Commonwealth, and makes elaborate provisions in regard to the duties of executors and administrators, and of Probate Courts in relation to it. St. 1891, c. 425, §§ 4, 5 *et seq.* In *Callahan* v. *Woodbridge*, 171 Mass. 595, it was pointed out that the "Probate Court having jurisdiction of the settlement of the estate of the decedent," within the meaning of § 14 of this statute, is the Probate Court in which ancillary administration is taken out if the testator or intestate is a non-resident. It cannot be supposed that the Legislature intended that the question whether the succession to property of non-residents should be taxed or not should depend in each case upon the ability or inability of the foreign executor to obtain possession of it in this Commonwealth without a suit. It must be held that the provisions of the law imposing the tax are to be carried out, and that the right and title of the foreign executor or administrator are subject to the prior right of the Commonwealth to have property so administered by officers of its courts as to produce the tax for which it is liable. In *Petersen* v. *Chemical Bank*, 32 N. Y. 21, 44, Denio, C. J., referring to the right of a foreign administrator to take property if he can obtain it without litigation, said, "Accordingly, it is a necessary supplement to the doctrine that, if the law making power of the

State where the property happens to be situated, or the debtor of the deceased reside, to subserve its own policy, has engrafted qualifications or restrictions upon the rights of those who would succeed to the estate by the law of the domicil, they must take their rights subject to such restrictions."

Since the enactment of the St. of 1891, c. 425, persons claiming a succession to property in this Commonwealth under nonresident owners must hold their right subject to the prior right of the Commonwealth to have the property administered here, in order that taxes may be paid upon the succession. The fact that the petitioner was able to obtain a transfer of a large part of the stock before the will was proved in this Commonwealth does not affect his duty under the statute to pay the tax. See *New York Breweries Co.* v. *Attorney General*, [1899] A. C. 62.

*Decree of Probate Court affirmed.*