GEORGE T. MOODY, executor, & others, *vs.* EDWARD P. SHAW.

Suffolk.    December 12, 1898. — May 19, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Tax on Collateral Legacies and Successions — Shares in Railroad Corporation receiving Franchises from Massachusetts and New York.*

Shares of stock in a railroad corporation organized under the laws of this Commonwealth and of New York, and owning tracks in each, which shares are represented by certificates owned by and in the possession of a non-resident at the time of his death in the State of his domicil, and which by the terms of his will pass to persons not within the class exempted by St. 1891, c. 425, are subject to a collateral inheritance tax under that statute, and acts in amendment thereof and in addition thereto.

PETITION to the Probate Court, by the executor of the will of Rufus G. A. Sherman, late of Bangor in the State of Maine, for instructions as to the payment of a collateral inheritance tax under St. 1891, c. 425, and acts in amendment thereof and in addition thereto. A decree was entered that certain personal property belonging to the estate was subject to such tax, and the executor and the legatees under the will appealed to this

court. Hearing before *Lathrop*, J., upon the petition, answers, and an agreed statement of facts, in substance as follows.

The testator was domiciled in Maine, where his will was proved on September 30, 1897, and letters testamentary were issued to the petitioner. Thereafter the Boston and Albany Railroad Company, in the shares of which a portion of the estate was invested, insisted upon the petitioner being authorized by a Probate Court in this Commonwealth, either by license under Pub. Sts. c. 142, § 3, or by an appointment as ancillary executor. For the sole purpose of making an acceptable transfer of said shares, the petitioner filed a copy of the will and took out letters testamentary in this Commonwealth.

By his will the testator gave all the property in question to persons not within the class exempted from paying a collateral inheritance tax by the law of this Commonwealth.

This property consisted (1) of shares of stock in corporations organized under the laws of this Commonwealth, (2) of shares of stock in national banks organized under the laws of the United States and located in this Commonwealth, and (3) of shares of stock in the Boston and Albany Railroad Company, a corporation which has its franchises from this Commonwealth and the State of New York. All the certificates of the stock in question stood in the name of the testator, were in the ordinary form, each having on the back thereof an unsigned blank form of assignment, and were actually in Maine at the time of the death of the testator.

Previous to his appointment as executor in this Commonwealth, but whether previous to his producing a copy of the will of the testator to the Probate Court of Suffolk County does not appear, the petitioner, acting as executor under his appointment in Maine, transferred some of the shares in the corporations organized under the law of this Commonwealth, and some of the shares in the national banks, to himself, as legatee, under the testator's will. He also sold the remaining shares in the national banks, and some of the remaining shares in the corporations organized under the laws of this Commonwealth, to pay cash legacies under the will. Whether the transfers of those shares were ever made on the books of the respective corporations does not appear. Nor does it appear that the petitioner

has paid any cash legacies with the proceeds received from the shares sold.

The remaining shares of stock named in the inventory, which were all in corporations organized under the laws of this Commonwealth, including one hundred shares of the Boston and Albany Railroad Company, were in the hands of the petitioner, as executor under his appointment in Maine, when he was appointed executor in this Commonwealth.

The questions presented are, whether, first, shares of stock in corporations organized under the laws of this Commonwealth, and secondly, shares of stock in national banks organized under the laws of the United States and located in this Commonwealth, and thirdly, shares of stock in the Boston and Albany Railroad Company, a corporation which has franchises from this Commonwealth and the State of New York, represented by certificates owned by and in the possession of a non-resident decedent at the time of his death at the place of his domicil in another State, and which by the terms of his will pass to persons not within the class exempted by St. 1891, c. 425, § 1, are subject to collateral inheritance tax under St. 1891, c. 425, and acts in amendment thereof and in addition thereto.

*E. I. Baker,* (*H. H. Armington* with him,) for George T. Moody and another, legatees.

*A. W. Paine,* for certain other legatees.

*H. M. Knowlton,* Attorney General, & *A. W. De Goosh,* Assistant Attorney General, for the Treasurer of the Commonwealth.

HOLMES, J. This case is disposed of by the recent decision in *Greves* v. *Shaw, ante,* 205, except so far as the Boston and Albany Railroad stock is concerned. That railroad company is a corporation formed by the consolidation of Massachusetts and New York corporations, and owning tracks in Massachusetts and New York. Much the greater part of the property and the more powerful of the consolidated corporations, being also the original bearer of the present corporate name, belonged to the former State, and, in view of the facts and the language of the consolidating statutes, if the corporation were to be attributed only to one State, that State would be Massachusetts. *Pennsylvania Railroad* v. *St. Louis, Alton, & Terre Haute Railroad,* 118 U. S. 290, 296. But it seems to us enough to say that so long as the rail-

road holds a Massachusetts charter, so long can Massachusetts prescribe the payment of this tax as a condition of the right to succeed to stock issued under that charter. It does not matter that there is also a New York charter, and that, as things are now, stock issued under one is also stock under the other. The fact that it is so is a privilege granted by the two States reciprocally. But whenever either State has an interest in distinguishing between the two franchises, it has a right to do so. See *Ohio & Mississippi Railroad* v. *Wheeler,* 1 Black, 286, 297 ; *Memphis & Charleston Railroad* v. *Alabama,* 107 U. S. 581, 585 ; *Clark* v. *Barnard,* 108 U. S. 436, 451, 452; *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 136 U. S. 356, 379, 380 ; *Martin* v. *Baltimore & Ohio Railroad,* 151 U. S. 673, 677 ; *St. Louis & San Francisco Railway* v. *James,* 161 U. S. 545 ; *Central Pacific Railroad* v. *California,* 162 U. S. 91. The fact that all rights are represented by one certificate might possibly create difficulties as to apportionment where important fractions of the property were in different States, but it would not affect the principle. *Quincy Railroad Bridge Co.* v. *Adams,* 88 Ill. 615, 619 *et seq.* *Ohio & Mississippi Railroad* v. *Weber,* 96 Ill. 443.

*Decree affirmed.*