## STATE v. GRIFFITH CHADWICK and Others.[1]

### May 26, 1916.

### Nos. 19,547—(5)[2].

**Inheritance tax — bonds of Minnesota corporation owned by nonresident — case distinguished.**

1. Under the Minnesota inheritance tax law (Laws 1905, c. 288, § 1, as amended by Laws 1911, c. 372, § 1 [G. S. 1913, § 2271], providing for a succession tax when a transfer is by will or intestate law of property within the jurisdiction of the state and decedent is a nonresident, bonds of a railroad company, incorporated under the laws of Minnesota, having its principal place of business and general offices in the state, payable in New York, owned by a resident of Illinois and in his possession there at the time of his death, the persons succeeding thereto being residents of Illinois, the railway being subject to jurisdiction in states other than

[1]Reported in 157 N. W. 1077, 158 N. W. 637. [2]October, 1915, term calendar.

Minnesota and it not being necessary to invoke the laws of Minnesota or resort to its courts, are not subject to a succession tax in Minnesota, distinguishing State v. Probate Court of St. Louis County, 128 Minn. 371.

**Same — bonds of interstate railway secured by mortgage.**

2. Whether the fact that an obligation of a debtor resident in Minnesota is secured by a mortgage of real property situate there gives a situs rendering the obligation subject to a succession tax in Minnesota is not decided; but where the obligation is secured by a mortgage of real property of the corporate debtor, organized under the laws of the state as a railway corporation, a portion of which is in Minnesota and a larger portion in other states through which the railroad passes where it is subject to jurisdiction and where the debt can be enforced and the mortgage foreclosed and the whole mortgaged property sold, the fact that the mortgage covers property in Minnesota does not give it a taxable situs supporting a succession tax.

In the matter of the estate of Francis Edward Ward, deceased, William J. Stevenson, Assistant Attorney General, in charge of inheritance tax matters, made findings as to the amount of inheritance tax payable from the estate of said decedent. Griffith Chadwick, as executor of the estate of said decedent, Christina L. Ward, in her own behalf and as guardian of the minor children, appealed to the district court for Ramsey county from the decision. The appeal was heard upon stipulated facts before Olin B. Lewis, J., who made findings and affirmed the decision of the attorney general's office in favor of the state for $1,010.85. From the judgment entered pursuant to the order for judgment, Griffith Chadwick, as executor, and Christina L. Ward, in her own behalf and as guardian, appealed. Reversed.

*James D. Armstrong,* for appellants.

*Lyndon A. Smith,* Attorney General, and *William J. Stevenson,* Assistant Attorney General, for respondent.

PER CURIAM.

Francis Edward Ward died on June 6, 1913, a resident of Chicago, Illinois. He was the owner of registered bonds of the Great Northern Railway Company amounting to $50,000. They were in his possession in Chicago. The railway company is organized under the laws of Minne-

sota with its general offices and principal place of business in the state, and operates lines of railroad, constituting one system, through Minnesota, Wisconsin, South Dakota, North Dakota, Montana, Idaho and Washington. It is authorized to do business in these states and is subject to personal jurisdiction by their laws. It has an office in New York. The bonds are secured by a mortgage to the Bankers Trust Company of New York as trustee covering the property of the railway company in the states through which it passes. Twenty-seven per cent of the value of the mortgaged property is in Minnesota, and this value exceeds the amount of the issued bonds. The bonds are payable at the office of the railway company in New York. The estate of the deceased was probated in Illinois. Those taking the bonds upon the death of the decedent are residents of Illinois. The trial court held that these bonds were subject to the inheritance tax law of Minnesota. Judgment was entered in accordance with such holding and the appeal is from the judgment.

1. The provisions of the inheritance tax statute material upon this appeal are as follows:

"A tax shall be and is hereby imposed upon any transfer of property, real, personal or mixed, or any interest therein, or income therefrom in trust or otherwise, to any person, association or corporation   *   *   * in the following cases:

*   *   *   (2) When a transfer is by will or intestate law of property within the state or within its jurisdiction and the decedent was a nonresident of the state at the time of his death." Laws 1905, p. 427, c. 288, § 1, as amended by Laws 1911, p. 516, c. 372, § 1 (G. S. 1913, § 2271).

In State v. Probate Court of St. Louis county, 128 Minn. 371, 150 N. W. 1094, L.R.A. 1916A, 901, the right to impose a succession tax received exhaustive consideration. It was held that a promissory note made by a Minnesota corporation, not appearing to be subject to jurisdiction out of the state, to a resident of Pennsylvania, was upon his death subject to a succession tax in Minnesota. We start, then, with the law settled that a promissory note made by a corporation of this state, not subject to jurisdiction elsewhere, is subject to a succession tax in this state, though the owner is a nonresident. The appellants seek to distinguish the case at bar from the one cited, because it involves a corporate bond instead of a promissory note, because the bond is registered

at the office of the corporation maker in New York, and because the corporation is subject to jurisdiction in states other than Minnesota. We discuss only the distinction last mentiooned.

Jurisdiction of the railway company can be had outside of Minnesota in each of the seven states through which its lines pass and in which it is authorized to do business and in New York where it has an office. Because of this the appellants urge that there is no situs in Minnesota upon which to base jurisdiction to lay a succession tax. (That it is necessary for the nonresident creditor of a resident debtor to come into the state and invoke its laws and use its courts to enforce his obligation is a fact of importance in the determination of the right of the state to impose a succession tax; and indeed where the security holder is a nonresident and the security is not physically within the state it is the one essential fact consciously or unconsciously accepted in the cases where a succession tax is sustained as vital to jurisdiction. )This is the thought in Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. ed. 439, affirming a decree of the surrogate's court which was affirmed in 69 App. Div. 127, 74 N. Y. Supp. 508, and 171 N. Y. 682, 64 N. E. 1118, where the court says: "If the transfer of the deposit necessarily depends upon and involves the law of New York for its exercise, or, in other words, if the transfer is subject to the power of the state of New York, then New York may subject the transfer to a tax.    *    *    *    But it is plain that the transfer does depend upon the law of New York, not because of any theoretical speculation concerning the whereabouts of the debt, but because of the practical fact of its power over the person of the debtor.    *    *    *    What gives the debt validity? Nothing but the fact that the law of the place where the debtor is will make him pay. It does not matter that the law would not need to be invoked in the particular case.    *    *    *    So again, what enables any other than the very creditor in proper person to collect the debt? The law of the same place.    *    *    *    Power over the person of the debtor confers jurisdiction, we repeat. And this being so we perceive no better reason for denying the right of New York to impose a succession tax on debts owed by its citizens than upon tangible chattels found within the state at the time of the death."

In the case before us there is no necessity of the owner coming to

Minnesota to enforce the bonds. They can be enforced in New York or in any of the seven states through which the road passes. Under the Constitution a judgment upon the bonds rendered in any of these states will be entitled to full faith and credit in Minnesota. U. S. Const. art. 4, § 1. And the trust deed securing the bonds can be enforced in any of the seven states and all the lines in the several states, constituting as they do one system, can be sold and title passed under the foreclosure decree. Muller v. Dows, 94 U. S. 444, 24 L. ed. 207; Union Trust Co. v. Olmsted, 102 N. Y. 729, 7 N. E. 822; Craft v. Indiana, D. & W. Ry. Co. 166 Ill. 580, 46 N. E. 1132; Georgia Southern & F. R. Co. v. Mercantile Trust & Deposit Co. 94 Ga. 306, 21 S. E. 701, 32 L.R.A. 208, 47 Am. St. 153; International Bridge & Tramway Co. v. Holland Trust Co. 81 Fed. 422, 26 C. C. A. 469; Central Trust Co. v. Wabash, St. L. & P. Ry. Co. 29 Fed. 618. In Bliss v. Bliss, 221 Mass. 201, 109 N. E. 148, L.R.A. 1916A, 889, the facts were these: The copartnership of Bliss, Fabyan & Company consisted of five members, two residing in New York, two in Massachusetts and one in Chicago. It did business in New York, Boston and Chicago. It executed notes to Cornelius N. Bliss, one of the copartners. They were made and were payable in Boston where the copartnership had its principal office. Cornelius N. Bliss was domiciled in New York and the notes were in his possession there at the time of his death and there was property there sufficient to pay them. Upon these notes it was sought to impose a succession tax in Massachusetts. It was held that they were not subject to such tax and the holding was put definitely upon the ground that it was not necessary to invoke the laws or seek the tribunals of Massachusetts to enforce them. The court said: "There was no occasion for the creditor to resort to our courts to give validity to the notes. The creditor did not and did not need to depend upon our law for the collection of his debt.    *    *    *    The doctrine of Blackstone v. Miller, 188 U. S. 189 [23 Sup. Ct. 277, 47 L. ed. 439], does not reach to a case like the present. The tax sought to be collected is a succession tax. It is apparent that the succession of these notes or their proceeds does not depend under the circumstances here disclosed in any degree upon the moral or legal support or actual assistance of our laws.    *    *    *    The law of Massachusetts does not need to be invoked in any respect.

The sanction of the law of New York alone gives completion to the succession from its beginning to its end."

A like conclusion was reached in Matter of Gordon, 186 N. Y. 471, 79 N. E. 722, 10 L.R.A.(N.S.) 1089. There it was sought to impose a transfer tax upon the proceeds of an insurance policy issued by a corporation of New York to a resident of New Jersey who died there. The policy was payable in New York and was kept by the insured in New Jersey. By the laws of New Jersey the insurance company was subject to jurisdiction there. Reliance was again placed on Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. ed. 439, in support of the tax; and in referring to it the court said that the "holding was unequivocally based upon the conditions disclosed in that case, which were that the debtor resided within the state and that the creditor must come there and take advantage of the laws of the state for the purpose of enforcing his claim." It differentiated the facts before it from the facts in the Blackstone case, because the insurance company could be subjected to jurisdiction in New Jersey as well as in the state of its creation, while in the Blackstone case jurisdiction would be acquired of the corporation debtor only in the state under the laws of which it was organized; and it held, because of this distinction, that the proceeds of the policy were not subject to a transfer tax in New York.

The Massachusetts case and the New York case cite a number of authorities, unnecessary to be considered here, supporting the conclusion which they reach. The principle of these two cases is determinative in favor of the contention of the appellants, and, applying it, we hold that the bonds are not subject to a succession tax in Minnesota because the debtor is incorporated there and has there its principal offices, it being subject to jurisdiction in other states having property sufficient to satisfy them. From what is said it is not to be understood that we hold that the accidental fact that a debtor is found out of the state of his domicile, and is subject to jurisdiction there, relieves his obligation in the hands of a nonresident owner from a succession tax to which otherwise it would be subject. What we have said is in view of the facts before us showing personal jurisdiction of the corporate debtor in other states in which it is authorized to do business.

2. In Massachusetts and New York, in the cases cited, there was no

mortgage security; and because of the mortgage security in Minnesota the state contends that the bonds have a taxable situs here for the purpose of a succession tax. Some of the cases hold that, where an obligation is secured upon property in the state of the debtor's domicile, it is subject to a succession tax there though the owner is a nonresident of the state at the time of his death. See In re Merriam's Estate, 147 Mich. 630, 11 N. W. 196, 9 L.R.A.(N.S.) 1104, 118 Am. St. 561, 11 Ann. Cas. 119; Kinney v. Treasurer & Receiver General, 207 Mass. 368, 93 N. E. 586, 35 L.R.A.(N.S.) 784, Ann. Cas. 1912A, 902; Notes 9 L.R.A.(N.S.) 1104, 111 L.R.A.(N.S.) 1134, 35 L.R.A.(N.S.) 784. Not all the cases so hold. Whether the doctrine that a mortgage of real property to secure an obligation gives a taxable situs for inheritance tax purposes in the state where the mortgaged property is located we do not decide. In the case at bar 27 per cent of the mortgaged property is in Minnesota, and the value of this 27 per cent exceeds the total of the issued bonds. Seventy-three per cent of the value of the mortgaged property is in the seven states outside Minnesota, and this value is proportionally greater than the issued bonds. All of the mortgaged property can be subjected to the payment of the bonds and the entire property sold upon suit brought in the other states. See Muller v. Dows, 94 U. S. 444, 24 L. ed. 207, and cases cited supra. Under such circumstances the mortgage does not give a taxable situs in Minnesota.

Judgment reversed.

HOLT, J. (dissenting).

In State v. Probate Court of St. Louis County, 128 Minn. 371, 150 N. W. 1094, L.R.A. 1916A, 901, it was decided that the state is entitled to a succession tax on debts and promissory notes held by a nonresident decedent against a domestic corporation. Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. ed. 439, is authority for the proposition that power over the debtor confers jurisdiction upon the state to impose a succession tax on the debt. I am unable to discover a satisfactory reason for distinguishing between debts in the enforcement of this tax. A registered bond should have no preference over a promissory note or a book account. Nor should the right to exact the tax depend on the contingency of the debtor having property or security outside this state from which the debt

could be collected. The debtor in this case is a Minnesota corporation. Our laws give validity to these bonds, and the holders thereof may always resort to our courts for the enforcement of any rights in respect to the obligations. I consider the judgment right.

- HALLAM, J. (dissenting).
I agree with Justice Holt.

On July 7, 1916, the following opinion was filed:

PER CURIAM.
In proceedings for the collection of an inheritance, the state acts in its governmental capacity, not in its proprietary interest, and is not liable for costs or disbursements when the proceeding fails. The clerk's taxation of costs against the state in this proceeding is therefore reversed.