STATE EX REL. C. L. HILTON v. PROBATE COURT OF COUNTY OF RAMSEY AND ANOTHER.[1]

February 13, 1920.

No. 21,657.

**Inheritance tax — deduction from real estate of encumbrances thereon.**
1. In determining the value of an estate for the purpose of levying an

[1]Reported in 176 N. W. 493.

inheritance tax, encumbrances on the real estate must be deducted from the value of the real estate and not from the value of the personal property.

**Same — computing value of real estate.**

2. The value of the real estate for the purpose of such taxation is measured by the value of the decedent's interest therein, determined by deducting the encumbrances from the value of the land.

**Same — upon resident vendor's interest in executory contract of sale.**

3. The interest of the vendor under an executory contract of sale is taxable as personal property, and, where the vendor died a resident of this state, such interest is subject to the inheritance tax of this state.

Upon the relation of C. L. Hilton, Attorney General, the supreme court granted its writ of certiorari directed to the probate court of Ramsey county and the Honorable E. W. Bazille, judge thereof, to review the judgment of that court in an inheritance tax proceeding. Modified.

*Clifford L. Hilton,* Attorney General, and *Egbert S. Oakley,* Assistant Attorney General, for relator.

*Seymour & Seymour,* for respondents.

TAYLOR, C.

Emery Griggs died a resident of Minnesota and his last will and testament was duly admitted to probate in the probate court of Ramsey county. By writ of certiorari the judgment of that court, determining the amount of inheritance tax due from his legatees, is brought before this court for review. The only question presented is whether the transfer by will of two items of property possessed by Mr. Griggs at the time of his death is subject to the inheritance tax of this state. One of these items is a promissory note, executed by a resident of the state of New Mexico, and secured by a mortgage on real estate within that state. The other is an executory contract for the sale of a tract of land in the state of Montana, executed by Mr. Griggs, while a resident of Montana, to a resident of the state of Illinois, and which obligated the vendee to pay the purchase price of the land and gave him the right to the possession of it.

Ancillary probate proceedings have been instituted in the state of New Mexico, and the note and mortgage are inventoried in those proceedings. Ancillary probate proceedings have also been instituted in the state of

Montana, and the interest of the decedent under the executory land contract is inventoried in those proceedings, and the state of Montana has imposed an inheritance tax thereon. It is stipulated "that the common and statutory law of the states of Montana and New Mexico, as to the nature and character of said executory contract and said note and mortgage, was and is the same as the common and statutory law of the state of Minnesota."

It is conceded that the transfer of the New Mexico note and mortgage would be subject to the tax of this state, except for the fact that the decedent had bought other real estate in the state of New Mexico, on the purchase price of which he owed an amount exceeding the amount of this note. The executor contends that the indebtedness incurred by the purchase of the New Mexico land should offset the credit represented by this New Mexico note.

Although the record does not disclose the manner in which the decedent had obligated himself to pay for the New Mexico land, yet, as the executor, in his brief, states that this liability was secured by a mortgage on the land and this statement is not questioned, we may assume that such is the fact. The land being in the state of New Mexico, its transfer was taxable only by that state, and was not taxable by the state of Minnesota, although it was owned by a resident of Minnesota. See cases cited in note in Ann. Cas. 1915A at page 169. For the purpose of levying an inheritance tax, the value of real estate is measured by the value of the decedent's interest therein, and the value of this interest is to be determined by deducting from the value of the land the amount of the encumbrances thereon. In re Sutton's Estate, 3 App. Div. 208, 38 N. Y. Supp. 277, affirmed on opinion below, 149 N. Y. 618, 44 N. E. 1128; McCurdy v. McCurdy, 197 Mass. 248, 83 N. E. 881, 16 L.R.A.(N.S.) 329, 14 Ann. Cas. 859; In re Fox's Estate, 154 Mich. 5, 177 N. W. 558.

The inheritance tax is imposed on the clear value of the property transferred. If the encumbrances on the real estate were not deducted from the value of the land, a state which only had jurisdiction of encumbered land would collect a tax on a higher value than passed by its laws, and the person to whom such land passed would pay a tax on a higher value than he received. Where the personal property and the real estate are in the same jurisdiction, and pass in equal proportions to the same per-

sons, deducting the encumbrances on the real estate from the value of the personal property, instead of from the value of the land, might not produce inequitable results; but where the personal property and real estate are taxable in different jurisdictions or pass to different persons, fixing the taxable value of the different parts of the estate by deducting the encumbrances on the real estate from the value of the personal property, instead of from the value of the land, would give an undue advantage to one state and to the person who received the personal property to the prejudice of the other state and of the person who received the land. These considerations have led to the rule that the transfer of real estate is to be taxed at the value of the land less the encumbrances thereon, and that such encumbrances cannot be deducted from the value of the personal property. If the land was encumbered for more than its value probably the excess, if a personal liability of the decedent, might be deducted from the value of the personal property, but that question is not involved here. It follows from what has been said, that the balance due on the purchase price of the New Mexico land cannot be offset against the note in controversy and that this note is taxable in this state.

The decedent sold his Montana land under an executory contract which obligated the vendee to pay the purchase price and gave him the right to the possession of the land. If the decedent's interest under this contract is to be deemed personal property, it is subject to a succession tax in Minnesota, the state of his domicile; if it is to be deemed real estate, it is not subject to such tax in Minnesota but only in Montana where the land is located. We are of opinion that State v. Rand, 39 Minn. 502, 40 N. W. 835, is decisive of the question under consideration. In that case the defendants, residents of the city of Minneapolis, sold a tract of land in that city under an executory contract which obligated the vendee, a corporation, to pay the purchase price and entitled it to the possession of the land. It was held in an exhaustive opinion that the interest of the vendors under this executory contract was taxable as a credit under the general tax laws. In the course of the opinion the court observed that, "the legal title remained in the vendors, but the equitable title passed to the vendee," and that at the death of the vendors the claim for the unpaid purchase money "would pass to their legal representatives as personal estate, being inventoried at its true value in money, taking

into consideration the financial ability of the corporation vendee, and, as security only, the value of the unconveyed real estate."

To the same effect are the following: City of Marquette v. Michigan I. & L. Co. 132 Mich. 130, 92 N. W. 934; Rheinboldt v. Raine, 52 Oh. St. 160, 39 N. E. 145; Griffin v. Board of Review, 184 Ill. 275, 56 N. E. 397; In re Assessment of Boyd, 138 Iowa, 583, 116 N. W. 700, 17 L.R.A. (N.S.) 1220.

In this connection it is proper to note that our statute imposing a mortgage registry tax enacted long after the decision in the Rand case provides:

"An executory contract for the sale of land, under which the vendee is entitled to or does take possession thereof, shall be deemed, for the purposes of this act, a mortgage of said land for the unpaid balance of the purchase price." G. S. 1913, § 2301.

The cases above cited show that the interest of the vendor under an executory contract of sale has frequently been held to be personal property for the purpose of taxation under the general tax laws. While it would seem that the character of such an interest must have been involved in many cases arising under the inheritance tax laws, we find very few in which it has been considered or determined.

The executor cites McCurdy v. McCurdy, 197 Mass. 248, 83 N. E. 881, 16 L.R.A. (N.S.) 329, 14 Ann. Cas. 859. In that case the Massachusetts court held that the doctrine of equitable conversion ought not to be invoked to subject property to taxation, and it would seem to follow that, as the vendor under an executory contract of sale retains the legal title, his interest thereunder would be deemed to be real estate in Massachusetts, but no such contract was involved or passed upon in that case.

The executor also cites several New York cases. The question seems not to have been passed upon by the New York court of appeals, but the prior decisions in that state are reviewed in the Matter of Boshart's Estate, 107 Misc. 697, 177 N. Y. Supp. 567; Id. 188 App. Div. 788, 177 N. Y. Supp. 574, decided July 1, 1919, by the appellate division of the supreme court, and it was held that the interest of a nonresident decedent under an executory contract, made by him as vendor, for the sale of land located in New York, was personal property, and for that reason was not subject to an inheritance tax in the state of New York.

The Michigan statute exempted real estate which passed to the immediate relatives of the decedent from its inheritance tax, but imposed such tax on personal property which passed to them. In the matter of Stanton's Estate, 142 Mich. 491, 105 N. W. 1122, it appeared that the decedent, a nonresident, had sold several tracts of land in Michigan under executory contracts, and also owned other land in that state. All her real estate was exempt from the inheritance tax by the express provisions of the statute. It was held that her interest under these contracts was personal property and taxable in Michigan, but that the other land was exempt.

In State v. Rand, supra, where both the real estate and domicile of the vendors was within this state, it was held that the interest of the vendors under the contract was taxable as personal property, and we see no reason why the same rule should not apply in the present case, although the land is located in Montana, especially as it is stipulated that the laws of Montana are the same as our own. The state unquestionably has power to impose a succession tax on the transfer of any property upon which it can impose a tax under the general tax laws, and the language of our statute imposing the succession tax indicates that the legislature intended to tax everything which it has the power to tax. State ex rel. Graff v. Probate Court of St. Louis County, 128 Minn. 371, 150 N. W. 1094, L.R.A. 1916A, 901.

While the imposition of a tax on this property by both Montana and Minnesota will result in double taxation, such results frequently arise under the inheritance tax laws. Where the domicile of the decedent is in one jurisdiction and the situs of the property in another, both have power to exact a tax. State ex rel. Smith v. Probate Court of Ramsey County, 124 Minn. 508, 145 N. W. 390, 50 L.R.A.(N.S.) 262, Ann. Cas. 1915B, 861; State ex rel. Graff v. Probate Court of St. Louis County, 128 Minn. 371, 150 N. W. 1094, L.R.A. 1916A, 901; Gleason and Otis, Inheritance Taxation (2d ed.) 25, and cases there cited.

Where the power to tax exists the extent to which it shall be exercised rests exclusively with the legislature and is beyond the control of the courts. Our statute imposes the tax on all transfers by will or intestate law, and makes no exception in favor of those transfers which may be subject to a like tax in another jurisdiction, and the courts can make no such

exception. It follows that the interest of the decedent under the executory contract of sale is to be deemed personal property, and is subject to the succession tax imposed by this state.

The judgment of the probate court will be modified to conform to the views herein expresed.